[No. 901.  Decided August 4, 1893.]

DAVIS W. MORSE, *Respondent*, v. E. O'CONNELL, *Appellant*.

TIDE LANDS — OCCUPYING CLAIMANT — RIGHT OF PURCHASE — INJUNCTION.

An occupant of tide lands belonging to the state, although he may, under the provisions of the tide land act, possess a preference right of purchasing the same by virtue of improvements made thereon, cannot enjoin the occupation· and use by another of the tide lands lying in front of his improvements when his access to navigable water is not thereby materially interfered with.

Under the act of March 26, 1890, giving improvers of tide lands prior thereto a preference right of purchase, an improver of tide

lands has no exclusive right to purchase, in addition to the tide land actually covered by his improvements at the date of passage of said act, such additional amount as may be necessary to the reasonable use and enjoyment of his improvements.

*Appeal from Superior Court, Clallam County.*

*Benton Embree,* for appellant.

*George C. Hatch,* and *Allen Weir,* for respondent.

The opinion of the court was delivered by

ANDERS, J.— The respondent, prior to the 26th day of March, 1890, made valuable improvements which were at that date and now are in actual use for trade and business upon the tide lands lying in front of the city of Port Angeles, in the harbor of Port Angeles, and claims a right to purchase the land so improved under the act of the legislature of said date, commonly known as the tide land act. No harbor line has ever been established in said harbor. The north side of Front street in said city is on the line of ordinary high tide. Respondent's improvements cover an area fronting fifty feet upon the north side of said Front street and extend north along the east side of Laurel street towards deep water a distance of one hundred and forty feet or more. There is a wharf upon said Laurel street lying along side of and extending beyond the respondent's improvements to deep water, which was erected and is owned by the respondent, but is under the control of his lessee. On September 6, 1891, the appellant commenced driving piles upon the tide land immediately north of respondent's improvements, preparatory to erecting a building thereon. The respondent, claiming that the erection of the improvements contemplated by the appellant would deprive him of his right of access from his own improvements to navigable water and would interfere with his right to purchase the lands about to be improved by appellant, instituted this action to re-

strain the appellant from further prosecuting said work, and to compel him to remove the piling already placed upon the premises in question. The court below granted the relief prayed for, and the defendant appealed.

It is conceded that the land upon which the improvements of the respondent are located is tide land, the ownership of which is in the state, and that the respondent has no right therein or thereto other than a preference right (for sixty days) to purchase the same as an "improver," under the act of the legislature of March 26, 1890. Not being the owner of the upland bordering upon the shore of the bay, the respondent is not in any sense a riparian or littoral proprietor ( *Weber v. Harbor Line Commissioners*, 18 Wall. 57), and, therefore, the question as to the rights of such proprietors is not applicable to the case at bar, and will be dismissed without further comment.

The state, by virtue of her sovereignty, is the owner of the tide lands within her territorial limits, and her power to control and dispose of them is supreme, subject only to the paramount authority of congress to regulate navigation and commerce. *Hardin v. Jordan*, 140 U. S. 371 (11 Sup. Ct. Rep. 808); *Manchester v. Massachusetts*, 139 U. S. 240 (11 Sup. Ct. Rep. 559); *Bowlby v. Shively*, 22 Or. 410 (30 Pac. Rep. 154); *Eisenbach v. Hatfield*, 2 Wash. 236 (26 Pac. Rep. 539); *Board of Harbor Line Commissioners v. State*, 2 Wash. 530 (27 Pac. Rep. 550); *Stevens v. Railroad Co.*, 34 N. J. Law, 533.

And it therefore follows that the respondent would himself be a mere trespasser upon the tide land occupied by him, were it not for the provisions of the tide land act. By that act it is provided (Laws 1889–90, p. 435, § 11):

"That if valuable improvements in actual use for commerce, trade or business have been made upon said tide lands by any person, association or corporation, the owner or owners of such improvements shall have the exclusive right to purchase the land so improved for the period

aforesaid'' [sixty days] . . . "provided that nothing in this act shall be so construed to apply to any improvements made after the passage of this act.''

It is strenuously contended by the learned counsel for the respondent that, under the provisions of this statute, the respondent has an exclusive right, not only to purchase the tide land actually covered by his improvements at the date of the passage of said act, but also such an additional amount as may be necessary to the reasonable use and enjoyment of his buildings. Conceding, for the present, that his contention is well founded, the question arises, was there such an invasion of the rights of the respondent by the appellant as to entitle the former to the interposition of a court of equity? It may be admitted that the appellant was a trespasser upon the lands of the state, but of this the respondent has no right to complain unless he is, or will be, in fact injured by the proposed structure. And to entitle him to injunctive relief, such injury must be irreparable in its character, or of such a nature that the ordinary legal remedies are inadequate.

"An injunction, being the 'strong arm of equity,' should never be granted except in a clear case of irreparable injury, and with a full conviction on the part of the court of its urgent necessity." 1 High on Injunctions (3d ed.), § 22.

And, to our minds, it seems clear that the proof fails to make a case entitling the respondent to the relief demanded. He is, and for some years has been, engaged in general mercantile business. His store abuts upon Front street, the principal street in the city, and, together with the warehouse used in connection therewith, lies alongside of a public wharf. And, besides, the respondent is the owner of three other buildings, situated between his store and warehouse and deep water, and occupied by his lessees. It would seem, therefore, in view of this fact, and the

further fact as disclosed by the evidence, that he has very rarely had occasion to use the space proposed to be occupied by appellant, that there is no such "urgent necessity" shown as would justify the issuance of an injunction. For months prior to the commencement of this action the only use made by respondent of the tide land north of his improvements was to "land" some lumber from a canoe or some other small craft, with which he repaired one or more of his buildings, and this he did, not of necessity, but to save the expense of wharfage and cartage.

In our judgment, the proofs wholly fail to show that the respondent's improvements would be depreciated in value, or his business interfered with, by reason of the building sought to be erected by the appellant. Of course, the appellant can gain no rights as against the state by occupying the land sought to be built upon by him, and should he proceed with the work undertaken by him the state will, in all probability, make the same disposition of the tide land so occupied as it would if he were not there.

Moreover, we must presume that when the time arrives for the tribunal or body provided for by the constitution of the state to dispose of these lands the quantity which the respondent is entitled to purchase will be justly determined, regardless of any structures that the appellant may now place thereon. But we do not see how, under the provisions of the constitution relating to the establishment of harbor lines and the regulation of harbors, and of the act of March 26, 1890, improvers of tide lands, in front of cities, can claim, *as matter of right*, to be entitled to purchase more land than was covered by their improvements at the date of said act.

The decree of the court below is reversed, and the cause remanded with directions to dismiss the complaint.

DUNBAR, C. J., and STILES, HOYT and SCOTT, JJ., concur.