[No. 12439.   Department One.   March 10, 1915.]

GEORGE BOUCKAERT, *Appellant*, v. STATE BOARD OF LAND COMMISSIONERS *et al.*, *Respondents*.[1]

INJUNCTION — WHEN ISSUES — REMOTE OR SPECULATIVE INJURY. Since an injunction will not be granted except against a clear case of material injury, and not to prevent purely speculative and theoretical injury, a writ of injunction will not be issued against the state board of land commissioners to prevent a reappraisement and public sale of certain tide lands (appropriated to a special fund the indebtedness against which was not a charge against the state) on the ground that warrants issued against the fund might become valueless or depreciated in case of any change in the appraised value of the lands, where it appears that the injury is remote or speculative.

Appeal from a judgment of the superior court for Thurston county, Claypool, J., entered April 27, 1914, in favor of the defendants, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief.   Affirmed.

*E. M. Farmer*, for appellant.

*The Attorney General* and *R. E. Campbell, Assistant*, for respondent.

MOUNT, J.—This action was brought by the appellant to restrain the state board of land commissioners from taking any steps to appraise and sell at public auction certain shore lands on Lake Washington and Lake Union, for which awards of preference rights had been made and no payments made thereon, and offering the said lands for sale at public auction;

[1]Reported in 146 Pac. 848.

and, also, for an order compelling the defendants to accept
and receive the amount of the original appraisement of said
lands with the accumulated interest thereon. The defendants
demurred to the complaint and the demurrer was sustained.
The plaintiff thereupon refused to plead further, and a judg-
ment of dismissal was entered. This appeal followed.

The only question is the sufficiency of the complaint. The
complaint alleges, in substance: That the state of Washing-
ton was the owner of certain shore lands, and in the year
1907 passed certain acts which created a fund known as the
Alaska-Yukon-Pacific Exposition fund, these acts being chap-
ters 3, 4, and 5, of the Laws of 1907; that these acts set
apart all the shore lands of the first class upon lakes Union
and Washington, except certain lands dedicated to the uni-
versity and the park board of the city of Seattle, and pro-
vided that these lands so set apart should be appraised and
sold and the proceeds thereof applied to the use of the
Alaska-Yukon-Pacific Exposition to the extent of one million
dollars; and authorized warrants to be drawn against this
fund, and provided that such warrants, and any indebted-
ness incurred by reason thereof, should be payable out of
that fund, but should not be or become a general indebted-
ness against the state; that defendants are the agents of the
state, whose duties and powers are to plat and appraise and
sell these shore lands; that said acts gave the owners of up-
lands abutting upon said shore lands preferential rights to
purchase the same, and provided that, in case of contest, in-
terest should be charged upon the appraised value at the
rate of 6 per cent per annum from the date of appraisement,
this interest to be paid at the time the first installment of
principal was paid; that on March 21, 1908, the defendants
caused said shore lands to be platted and appraised for the
sum of $1,000,000; that thereafter certain upland owners
made application to purchase certain shore lands, and that
shore lands appraised at the sum of $234,000 were claimed by
contesting claimants; that these contests were subsequently

decided by the state board of land commissioners and appeals taken by the unsuccessful contestants to the superior court for King county, and that these appeals were still pending at the time of this action.

The complaint further alleges that warrants were issued against this appropriation in the total sum of $1,000,000, based upon the appraised value of the lands, and were sold and accepted by the purchasers thereof upon that basis; that this appraisement was made at a time when real estate values in and around lakes Union and Washington were the highest they have ever been in the history of the state; that since said date real estate values have greatly depreciated in that neighborhood; that the plaintiff is the owner of three warrants issued against this fund, the aggregate of which warrants amounts to $250 with interest; that on May 17, 1913, the board of land commissioners made and entered an order as follows:

"It appearing to the board at this time awards having heretofore been made by this board of preference right to purchase shore lands of the first class on Lake Washington in King county, that the persons to whom such awards have been made have failed to make the necessary payments and exercise the preference right of purchase;

"It is therefore ordered and determined that this board proceed on the 2d day of June, 1913, to take the necessary steps to appraise and sell at public auction those shore lands on Lake Washington for which awards of preference right have been made and no payments tendered and in the event of any applicant showing good cause prior to said date of June 2, 1913, why said shore lands should not be so appraised and sold, the board will consider the individual cases as they may arise.

"It is further ordered and determined, that the commissioner of public lands be, and is, hereby authorized and directed to notify these persons affected by the provisions of this order, of the action of this board as herein set forth, and that the attorney general of the state of Washington, be requested to have any and all appeals which are now pending affecting

the shore lands of Lake Washington dismissed for lack of prosecution."

The complaint then alleges that, prior to the entry of this order and subsequent thereto, and prior to the second day of June, 1913, many of said contestants had settled their differences and offered and tendered to pay to the board of state land commissioners the amounts due for such shore lands, together with the accumulated interest thereon, and demanded their contracts, but that said board of state land commissioners refused to accept the money and refused to issue the contracts, and declared their intention to be to reappraise said shore lands and establish a new appraised value thereon and sell the same at public auction; that said defendants are proceeding to take such steps as they deem necessary to have the appeals in the superior court for King county dismissed, and the preferential right to purchase cancelled; that by reason of the depressed market, it will be impossible to appraise said shore lands for as much as the old appraisal value, together with the accumulated interest thereon, and if an appraised value in excess thereof is placed upon the shore lands, there will be no purchasers therefor at the new appraised value; that the action of the board of state land commissioners if permitted to proceed will render the warrants held by this plaintiff, and all of the warrants issued against said fund, valueless or of uncertain value. These are in substance the allegations of the complaint.

It is argued by the appellant at length that these warrants were drawn against the special fund; that the statute declares that the indebtedness shall never become a general indebtedness against the state; and that any attempt at reappraisement of the lands will render the warrants held by the appellant of uncertain value. Conceding these facts to be true, it does not necessarily follow that this action can be maintained. For it is a common rule of law that,

"Courts do not seek to protect excepting against material injury, and purely speculative and theoretical injury cannot

ordinarily be redressed in the courts. Especially is this true when such redress is sought in a court of chancery by means of the exercise of the extraordinary powers of said court." *Wintermute v. Tacoma Light & Water Co.*, 3 Wash. 727, 29 Pac. 444.

In *Morse v. O'Connell*, 7 Wash. 117, 34 Pac. 426, quoting from 1 High, Injunctions (3d ed.), § 22, we said:

"An injunction, being the 'strong arm of equity,' should never be granted except in a clear case of irreparable injury, and with full conviction on the part of the court of its urgent necessity."

It is perfectly plain, from reading the complaint in this case, that the alleged injury, if any, is remote, speculative, and problematical. There is no urgent necessity shown for granting the injunction. The appellant, according to the allegations of the complaint, is the owner of three warrants drawn against this fund. The complaint shows that contracts have been entered into with the state for the sale of certain of these lands. It is not claimed by the appellant that the respondents are attempting to interfere with any of the sales or contracts which have already been entered into. On the other hand, the order made by the respondents and hereinabove quoted, recites that the board of land commissioners are attempting only to appraise and sell at public auction those shore lands for which awards or preference rights have been made and no payments tendered. All other contracts will be carried out according to the original appraisement and at the price for which contracts of sales have been made. It is purely imaginary to conclude that these warrants will not be paid in their order without any diminution of value. If these warrants shall be regularly paid, and we think there can be no doubt about it from the allegations of the complaint, then it is plain that the appellant in this case will not be injured. Furthermore, the complaint upon its face shows that of the persons who are claiming preference rights, even the contestants, in many cases, have settled their

differences and have offered and tendered to pay to the board of land commissioners the amount due for the shore lands, together with the accumulated interest. This upon its face shows that, even if a reappraisement shall be made, it will be equal at least to the amount which these persons are willing to pay for the lands. We cannot assume that the respondents would appraise these lands at a less value than the amount offered to be paid, nor at more than they will sell for.

There is an attempt in the complaint to show that, at the time of the appraisement, the value of these lands was the highest it has ever been in their history. If this is true, it is unreasonable to suppose that purchasers are willing at this time to tender the amount of that appraisement, with interest thereon, when an appraisement might be less than that amount. In other words, it is clear, from the allegations of the complaint, that the injury which may result to this appellant is remote and speculative. Furthermore, the complaint shows that certain of the contestants for preference rights have settled their differences, but it is not alleged that all of such contestants have settled their differences with reference to these rights. Appeals are therefore still pending. Until all of these appeals are dismissed, the board is not authorized to accept the purchase money which was offered by any contestant whose rights were not determined by the appeal.

It is unnecessary for us to determine in this case whether the state board of land commissioners have the right to reappraise the shore lands which have not been under contract of purchase, because a decision of that question is not necessary to a decision of this case.

It is plain to us that there is no clear showing of any injury to this appellant with reference to the payment of his warrants, and in the absence of such a showing, the court very properly sustained the demurrer to the complaint.

The judgment appealed from is therefore affirmed.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.