[No. 28805. Department Two. November 25, 1942.]

GEORGE H. HALL et al., Respondents, v. HENRY ELLIOTT, JR., et al., Appellants, and ROBERT S. FARIS et al., Interveners.[1]

A. C. Van Soelen and John E. Sanders, for appellants Elliott et al.

Kennett & Benton, for respondents.

Nelson R. Anderson, for appellants Faris et al.

DRIVER, J.—This is an appeal from an order of the superior court enjoining the civil service commission of the city of Seattle from permitting two city employees, who intervened in the action, to take a promotional examination. For convenience, we shall hereinafter refer to appellant civil service commission as the commission, and to appellant interveners as the interveners.

[1]Reported in 131 P. (2d) 137.

A recital of the facts sufficient to indicate briefly the basis of our decision follows: In September, 1941, the commission advertised that it would hold a promotional examination for the position of transit cashier, and that such examination would be open to

". . . those employees of the Seattle Transportation Commission with at least one year's regular service, immediately preceding date of filing application for this examination, as Junior Transit Cashier or as Transit Operator regularly assigned and reported as Junior Transit Cashier."

The Seattle city charter and civil service rules provide that no person shall be admitted to an examination unless he has continuously served under an appointment from an eligible list for at least one year or longer in the position from which he seeks promotion. Respondents, plaintiffs below, without question, were eligible to take the examination, as each of them previously had taken a promotional examination for the position of junior cashier (also referred to as "Junior Transit Cashier"), the next lower rank, and held that position at the time of the commencement of the instant action.

The interveners, formerly conductors in the service, had been assigned to perform the duties of junior transit cashiers and were then classified as "junior transit cashiers, detailed from trainmen." However, neither intervener had ever taken a promotional examination to obtain civil service status as such junior transit cashier. Respondents' position is that, since the interveners have no civil service standing as junior transit cashiers, they are not eligible to take the examination in question.

At the threshold of the case we are confronted by the interveners' contention that, aside from the merits of the controversy, injunction was not the proper remedy. We think there is merit in this contention.

■ Where injunctive relief is sought to prevent a threatened injury, it must be one that is actual and material, and not merely possible, or doubtful, or contingent. 28 Am. Jur. 222, § 29.

In *Bouckaert v. State Board of Land Com'rs,* 84 Wash. 356, 146 Pac. 848, this court held that injunction would not lie to restrain the state board of land commissioners from proceeding with a reappraisement and public sale of certain tide lands, because it was considered that the threatened injury to the holders of warrants against the special fund to which the proceeds of the sales of such lands had been appropriated was too remote and speculative. Judge Mount, the author of the opinion, quoted from earlier cases of this court as follows:

" 'Courts do not seek to protect excepting against material injury, and purely speculative and theoretical injury cannot ordinarily be redressed in the courts. Especially is this true when such redress is sought in a court of chancery by means of the exercise of the extraordinary powers of said court.' *Wintermute v. Tacoma Light & Water Co.,* 3 Wash. 727, 29 Pac. 444.

"In *Morse v. O'Connell,* 7 Wash. 117, 34 Pac. 426, quoting from 1 High, Injunctions (3d ed.), § 22, we said:

" 'An injunction, being the "strong arm of equity," should never be granted except in a clear case of irreparable injury, and with full conviction on the part of the court of its urgent necessity.' "

■ In the case at bar, the respondents are not theatened with deprivation of their rights to take the examination. Their purpose is to prevent interveners, whom they claim to be ineligible, from taking it. Under the commission's requirements, a minimum mark of seventy per cent on each part of the examination, and a minimum final grade of seventy-five per cent, is required, as well as passage of a satisfactory medical

test before an aspirant may be entered on the eligible register. If respondents should take the examination and both of them fail to qualify, or if they should qualify and neither of the interveners should succeed in doing so, respondents would suffer no injury at all. There is then only a contingent possibility that respondents' rights may be invaded if the interveners are permitted to take the examination. And even if respondents and interveners should all qualify and the commission threaten to place the interveners on the eligible list, the respondents would not be without a plain, speedy, and adequate remedy at law, for, in a proper case, mandamus will lie to control and direct the acts of a civil service commission. *State ex rel. Jarrett v. Seattle,* 186 Wash. 541, 58 P. (2d) 1212; *State ex rel. Hearty v. Mullin,* 198 Wash. 99, 87 P. (2d) 280; *State ex rel. Cooper v. Seattle,* 199 Wash. 568, 92 P. (2d) 249; *Rhodehamel v. Civil Service Board of Oakland,* 109 P. (2d) (Cal. App.) 436; *Allen v. McKinley,* 18 Cal. (2d) 697, 117 P. (2d) 342; *People ex rel. Williams v. Errant,* 229 Ill. 56, 82 N. E. 271.

Respondents cite no decision of this court allowing injunctive relief under circumstances similar to those of the present case, but they call our attention to a number of cases from other jurisdictions.

In *Barlow v. Berry,* 245 N. Y. 500, 157 N. E. 834, at the suit of a taxpayer, the comptroller of the city of New York was enjoined from paying the salary of a captain of police whose appointment was held to be invalid. *Thomas v. Kern,* 280 N. Y. 236, 20 N. E. (2d) 738, 129 A. L. R. 347, involved an appeal from orders of the supreme court of New York enjoining certain acts of the civil service commission in connection with the holding of a proposed examination for appointment of policemen. The court of appeals reversed the orders

on the merits, and, so far as the opinion discloses, without considering the propriety of the procedure by injunction. *Cowen v. Reavy,* 283 N. Y. 232, 28 N. E. (2d) 390, was a special proceeding under article 78 of the civil practice act of New York to cancel a civil service examination. In this connection, we quote from an annotation in 134 A. L. R. 1116, 1117, as follows:

"In view of the fact that most of the cases which have discussed the question of the proper remedy to determine the validity of a classification by the civil service have arisen in New York it seems proper to call attention to the fact that in 1937, the legislature of that state abolished writs and order of certiorari to review, mandamus, and prohibition, and provided that the relief theretofore obtained by such writs and order should be obtained thereafter by a proceeding under Art. 78 of the Civil Practice Act, designated as 'Proceeding Against a Body or Officer.' "

In *Western Pennsylvania Hospital v. Lichliter,* 340 Pa. 382, 17 A. (2d) 206, 132 A. L. R. 1146, the Pennsylvania labor relations board was enjoined from proceeding against certain hospitals under the Pennsylvania labor relations act, and a labor union was enjoined from asserting rights against the hospitals under the act. However, the opinion discloses, the court considered that the legal remedies available to the hospitals were not full, complete, nor adequate, and that the granting of an injunction would avoid a multiplicity of suits.

Thus, all the cases cited by respondents on the question under consideration either are not in point or are of such a nature as to be practically valueless as persuasive authority.

Since we have concluded that injunction was not the proper remedy, we shall not consider the other contentions advanced by the commission and the interveners.

Judgment reversed and cause remanded, with direction to dismiss the action.

ROBINSON, C. J., BEALS, BLAKE, and SIMPSON, JJ., concur.