[No. 37388-9-I.   Division One.   September 30, 1996.]

*In the Matter of the Detention of* JOSEPH AQUI,
*Appellant.*

*Christine Jackson* and *David B. Hirsch* of *The Defender Association; Peter J. Avenia* of *The Federal Public Defender's Office*; and *Jennifer Shaw,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael J. Lang, Deputy,* for respondent.

GROSSE, J. — Joseph Aqui appeals his civil commitment as a sexually violent predator. Guided by our Supreme Court's decision in *In re Young*,[1] we reject his claims of constitutional violations and trial error. Specifically, while we agree that the trial court should have held a hearing on the issue of probable cause to detain within 72 hours of initial detention, dismissal of the proceeding is not the

[1] 122 Wn.2d 1, 857 P.2d 989 (1993).

remedy. Given that Aqui was afforded a full hearing on the issue of commitment and that the absence of the 72-hour hearing did not affect the ultimate outcome of the commitment proceeding, the error was harmless. Additionally, the Legislature's decision to create this civil commitment process for sexually violent predators does not violate the separation of power doctrine because the decision to release a prisoner from custody resulting from his criminal conduct is also one of legislative creation. Aqui's remaining allegations of error are of insufficient merit to warrant reversal. Accordingly, we affirm his civil commitment.

The Indeterminate Sentence Review Board (the ISRB) ordered Aqui's release from prison. Two days before his scheduled release, the State petitioned to commit Aqui under RCW 71.09, alleging that he was a sexually violent predator. Aqui was transferred to the Special Commitment Center (the Center).

The trial court later declared RCW 71.09 unconstitutional. The State appealed to the Supreme Court. On August 9, 1993, the Supreme Court issued *In re Young*, which upheld RCW 71.09. On the same day, the Supreme Court directed that Aqui's case be remanded for further proceedings consistent with *Young*.

Aqui sought dismissal based on the failure of the State to provide a probable cause hearing within 72 hours of the Supreme Court's mandate. On September 1 the court denied the motion to dismiss and determined that the petition established probable cause, except for the failure of the State to allege the absence of less restrictive alternatives. The trial court ordered the State to amend the petition within 24 hours, which the State did. Aqui's challenge to the initial finding of probable cause was heard by the trial court on September 7 and 8. After hearing testimony from several witnesses, the court again found cause to detain Aqui.

Aqui claims that he was entitled to a probable cause

hearing within 72 hours of receiving the Supreme Court's mandate. We agree.

Aqui's petition was remanded for proceedings consistent with *Young*. Accordingly, the trial court should have conducted a hearing within 72 hours after the case was mandated. In *Young*, the Supreme Court held that a person detained under RCW 71.09 must be given an opportunity to appear in person within 72 hours for a determination of whether probable cause exists to believe he or she is a sexually violent predator.[2] By denying Aqui's motion to dismiss based on the lack of a 72-hour hearing, the trial court erred.

■ The question is remedy. Had the trial court acted properly, it would have dismissed the petition and allowed the State to file a new one. Relying on *In re Swanson*,[3] Aqui contends the remedy now is to vacate his confinement order. In *Swanson*, our Supreme Court observed that dismissal might be proper under the civil commitment statute if there is a failure to establish legal grounds for commitment within 72 hours. *Swanson* provides little guidance here because in *Swanson* a hearing occurred within the time limit and the court did not need to dismiss.[4] *Young*, however, squarely reached the question, holding that reversal for failure to hold a probable cause hearing is not required when a party cannot show that such failure affected the ultimate outcome of the trial.[5]

Aqui makes no showing that the ultimate outcome of his trial was affected. Significantly, Aqui received a jury trial within 45 days of remand and a jury found that he was a sexually violent predator.

Moreover, Aqui cannot complain that he was deprived

---

[2]*See Young*, 122 Wn.2d at 45-47. A 72-hour hearing is now required by statute. RCW 71.09.040(2), *as amended by* LAWS OF 1995, ch. 216, § 4.

[3]115 Wn.2d 21, 793 P.2d 962, 804 P.2d 1 (1990).

[4]*Swanson*, 115 Wn.2d at 31.

[5]122 Wn.2d at 46-47. *See also In re Aguilar*, 77 Wn. App. 596, 601, 892 P.2d 1091 (1995).

of due process since the trial court twice provided Aqui with "an opportunity to appear in person to contest probable cause."[6] It conducted a hearing to determine whether the petition established probable cause to believe he was a sexually violent predator, and it allowed Aqui to challenge the initial finding of probable cause at an additional hearing. Although the court focused on the question of less restrictive alternatives, it did not limit the scope of this additional hearing. The trial court allowed Aqui to be represented by counsel, to testify, to present witnesses, and to cross-examine the State's witnesses. Sufficient evidence was presented at the hearing to demonstrate probable cause to hold Aqui: Aqui himself estimated that he committed 10 uncharged rapes between 1972 and 1975. The State's expert witness, Dr. Dreiblatt, testified that Aqui suffered from paraphilia disorder, that he was likely to re-offend, and that he was not a suitable candidate for any less restrictive treatment alternative.

In summary, although a 72-hour probable cause hearing should have been held, dismissal of the proceeding is not the remedy. Because Aqui was afforded a trial on the issue of commitment and because the lack of hearing within 72 hours did not affect the ultimate outcome of the commitment proceeding, the error was harmless.

■ Aqui also contends that the trial court improperly gave the State 24 hours to amend its petition to plead that less restrictive alternatives to total confinement were not possible. In order to demonstrate probable cause the State must make a showing about less restrictive alternatives.[7] Although continuances may not be used by the State to evade the requirement to determine probable cause within 72 hours, given our holding that the lack of a 72-hour hearing did not affect the ultimate outcome of this proceeding, by extension neither did the 24-hour continuance.

---

[6]122 Wn.2d at 46.

[7]*In re Harris*, 98 Wn.2d 276, 287-88, 654 P.2d 109 (1982). *See Young*, 122 Wn.2d at 47.

Aqui claims that RCW 71.09 proceedings violate the separation of power doctrine by encroaching on the ISRB's power to determine sentences. Aqui argues that because the Legislature vested power in the ISRB to release an offender if rehabilitated, and to grant or deny parole, that a prosecutor cannot ask a court to undo the ISRB's decision to release a person.

█ █ The power to execute a sentence is not a judicial function, but rather is a power vested in the administrative body according to the manner prescribed by the Legislature.[8] The ISRB was the agency responsible for administering Aqui's sentence. Similar to its power to determine punishments for criminal offenses and to vest execution of a sentence in an administrative body,[9] the Legislature has the power to set up procedures for the civil confinement of sexually violent predators once they are released from total confinement.[10] Acting within its legislative authority, the Legislature has designed two systems: one concerned with punishment, which in this case the ISRB administers; and one concerned with civil commitment for treatment, the program under RCW 71.09. The treatment of sexually violent predators under RCW 71.09 does not conflict with the ISRB's power. This is true even if an offender's commitment results in a second look at an ISRB decision with regard to his or her release into the community.

█ In summary, the Legislature's decision to create the civil commitment process for sexually violent predators does not violate the separation of power doctrine because the decision to release a prisoner from custody resulting from his criminal conduct is also one of legislative creation.

█ Aqui claims that only a referral by the ISRB can

[8]*See State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937).

[9]*See State v. Ammons*, 105 Wn.2d 175, 180, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986).

[10]*See Young*, 122 Wn.2d at 22.

trigger a petition under RCW 71.09. RCW 71.09.025 requires that the agency with jurisdiction over a person potentially classifiable as a sexually violent predator notify the prosecutor if release from total confinement is contemplated. Aqui argues that this statute precludes a prosecutor from filing a petition if the agency does not notify the prosecutor. Aqui misreads the statutory scheme. Rather than limiting the prosecutor's power to file a petition, RCW 71.09.025 is designed only to provide notice to the prosecutor. Another section, RCW 71.09.030, demonstrates this point. RCW 71.09.030 allows the prosecutor to file a petition if an individual is about to be released from total confinement and if it appears that the person may be a sexually violent predator. In RCW 71.09.030, the Legislature did not make the exercise of the prosecutor's discretion contingent on notification from an agency.

■ Aqui claims that his commitment should be reversed because the State did not prove a recent overt act. *Young* requires "proof of a recent overt act" for commitment of individuals already released into the community. *Young* excuses the State from proving a recent overt act for individuals incarcerated "at the time the petition is filed" because "confinement prevented any overt act."[11] Aqui was incarcerated when the petition was filed, but was later released for three weeks after the trial court held the statute unconstitutional. Aqui argues that because he was released, the State had the same opportunity to prove a recent overt act as if he had been out of custody when the petition was filed and thus was required to do so.

We reject Aqui's reasoning. First, the petition was filed during Aqui's incarceration. Second, the unique facts and procedural circumstances of this case excuse the State from the statutory requirement of proving that Aqui had committed a recent overt act during his brief stint in the community following his release from detention. After the trial court declared RCW 71.09 unconstitutional, it

[11]122 Wn.2d at 41.

ordered Aqui's immediate release. The State appealed the order of release to the Supreme Court. Denying the motion, the Supreme Court commissioner ordered Aqui's conditional release. Disagreeing with the commissioner, the Supreme Court stayed the trial court's order of release pending the State's appeal. A new warrant was issued for Aqui's arrest, and he surrendered himself the next day. He was not in custody for three weeks. After the Supreme Court reversed the trial court's decision that the statute was unconstitutional, the action proceeded in superior court on the original petition pursuant to the Supreme Court's mandate.

We restrict our holding to the peculiar facts presented in this case. Thus, we reject the State's argument that it was excused from proving a recent overt act solely because of the brevity of Aqui's release. Due process requires the State to prove a recent overt act if a person is released to the community before the petition is filed.[12] On these unique facts we need not reach the question of whether due process requires an overt act when the petition is filed before release but it is not acted upon in a timely manner such that a person does spend a significant amount of time released to the community.

Aqui claims that his proceedings under RCW 71.09 denied him equal protection of the law; violated due process, the right to privacy, and double jeopardy; and subjected him to unconstitutional conditions of confinement. Similar issues were resolved in *Young* and we decline to revisit them. To the extent that his constitutional arguments involve different nuances, they are more properly addressed to our Supreme Court.

■ Aqui claims that he was held in jail in excess of the time permitted under former RCW 71.09.060 and RCW 10.77.220. Former RCW 71.09.060(3) directs the State to comply with RCW 10.77.220. RCW 10.77.220 requires that a person waiting for a hearing not be housed in a jail for

---

[12]*Young*, 122 Wn.2d at 41 (citing *Harris*, 98 Wn.2d at 284).

more than seven days. Aqui spent approximately 20 days in the King County jail, 15 of those days were during trial. Since he spent only five days in jail "while awaiting . . . a court hearing,"[13] this time did not violate the seven-day limit. We decline Aqui's invitation to apply the rule of lenity to require that his prehearing time be viewed in the aggregate with his trial time because the rule of lenity is a method of statutory construction applicable to criminal proceedings[14] and this is a civil proceeding.

Aqui also argues that the statute did not authorize his detainment for the 15 trial days. RCW 10.77.220 does not address where a person should be housed while not "*awaiting. . .* a court hearing," but *during* a trial.[15] Given the need to protect the public safety[16] by securing a potentially dangerous person during the duration of the trial, the trial court acted within its authority to order detention during trial.

Aqui claims that the trial court erred in allowing a witness to testify that she was five and a half months pregnant at the time Aqui raped her, contending the evidence was more prejudicial than probative. The trial court acted within its discretion in admitting the evidence as it was highly probative to the question of his future dangerousness since it demonstrated his disregard for the condition of his victims.[17]

Aqui claims that the trial court erred in allowing evidence of nonsexual offenses. The *Young* court found error when the court admitted evidence of a conviction for a bomb threat because "[n]o sexual motivation was alleged

---

[13]RCW 10.77.220.

[14]*See State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

[15]The Legislature now directs that "during all court proceedings the person shall be detained in a secure facility." RCW 71.09.060(3), *as amended by* LAWS OF 1995, ch. 216, § 6.

[16]*See generally* RCW 71.09.060(3).

[17]*See Young*, 122 Wn.2d at 53.

for this crime."[18] Here, evidence established that his pattern was to enter women's houses, peep, burglarize, and sexually assault women. Although he did not sexually assault women on all the occasions that he entered their homes, considerable testimony established a "sexual motivation" for his actions. Thus, there was no error in admitting the testimony.

Aqui also contests Dr. Dreiblatt's mention of an incident where Aqui bit a security guard. To the extent evidence of this action was improperly admitted because it was not sexually motivated, it was harmless error as the jury could attach no significance to it given the volume of other evidence.

Aqui claims the trial court erred in not admitting the testimony of a former Center resident Vance Cunningham. Aqui sought to present Cunningham's testimony that there was no real therapy offered at the Center. The trial court excluded the evidence because Cunningham's experience could not be tied to the conditions at the Center at the time of Aqui's trial and therefore any probative value was outweighed by the possible confusion the potentially tangential testimony would raise. Given the potential for possible confusion, we find that the trial court properly rejected the testimony.[19]

Aqui claims the trial court erred in allowing discovery and admitting the testimony of Dr. Rubin. Aqui testified that he sought treatment by Dr. Rubin during his 22-day release. He believed he was accepted into treatment with Dr. Rubin, even though Dr. Rubin had not completed the assessment program. The State called Dr. Rubin in rebuttal. Dr. Rubin indicated he had not completed his assessment in order to decide whether to accept Aqui into treatment and was not confident about Aqui's potential success in treatment. Aqui objected to this evidence.

Aqui claims the trial court erred in issuing a

---

[18]122 Wn.2d at 54.

[19]*State v. Luvene*, 127 Wn.2d 690, 707, 903 P.2d 960 (1995).

discovery order requiring Aqui to provide copies of Dr. Rubin's notes since the defense was not planning on calling Dr. Rubin. Aqui correctly notes that in civil proceedings CR 26(b)(5)(B) protects from discovery information from experts not expected to be called as witnesses absent exceptional circumstances. But, although Dr. Rubin is an expert, in this case he served as a fact witness and therefore his notes were properly discoverable.[20] Thus, even though his evaluation was not completed, Dr. Rubin's testimony was directly relevant to the question of whether Dr. Rubin was willing to provide Aqui with post-release treatment, part of the defense theory.

■ Aqui also argues that psychologist-client privilege dictates that Dr. Rubin should not have been called as a rebuttal witness. Aqui directly placed his mental condition at issue by arguing that he could receive suitable less restrictive treatment through his parole plan, of which receiving community-based treatment by Dr. Rubin was a component. The trial court did not err in finding that Aqui waived his privilege when he indicated that he planned to seek treatment with Dr. Rubin.[21]

■ Aqui claims that the trial court erred in allowing Dr. Dreiblatt to testify that Aqui met the statutory definition of a "sexually violent predator." Below, counsel objected on the ground that this called for a legal conclusion. An expert may testify about ultimate facts.[22] No witness, however, may testify as to an opinion on the guilt of the defendant (or in this case whether a person should be committed) directly or indirectly because this decision is the exclusive province of the jury.[23] The trial court erred in allowing Dr. Dreiblatt's conclusion. But, Aqui has not

---

[20]See Peters v. Ballard, 58 Wn. App. 921, 927-30, 795 P.2d 1158, review denied, 115 Wn.2d 1032 (1990).

[21]Carson v. Fine, 123 Wn.2d 206, 213-14, 867 P.2d 610 (1994).

[22]ER 704.

[23]State v. Jones, 71 Wn. App. 798, 813, 863 P.2d 85 (1993), review denied, 124 Wn.2d 1018 (1994).

demonstrated how this comment prejudiced him. Given the overwhelming volume of untainted evidence that supported the conclusion that Aqui met the statutory definition, the admission of Dr. Dreiblatt's statement was harmless error.[24]

Aqui raises other arguments about the content of Dr. Dreiblatt's expert testimony. We decline to address these because many were disposed of in *Young.* Additionally, Aqui did not preserve several of his errors by objecting below on the same grounds he seeks to argue now.

Aqui challenges several statements made during closing arguments, arguing that prosecutorial misconduct merits reversal of his commitment. Aqui did not object to several of the comments he draws this court's attention to. In addition, none of these remarks were so flagrant or ill intentioned that the trial court could not have cured them; thus, he has waived any argument that the trial court erred.[25] Of the comments he preserved, we find no error because either the prosecutor did not make an improper remark or the trial court properly cured it with an instruction to the jury.

Aqui claims that he was entitled to an instruction that he is presumed not to be a sexual predator. Because this is a civil proceeding he is not entitled to such an instruction.[26]

Aqui claims that the trial court erred in its response to a jury question about the less restrictive alternative instruction. During deliberations, the jury asked:

If we chose the less restrictive alternative (per instruction #6) Mr. Aqui will be controlled by the requirements of his parole plan until July 1995?

---

[24]*See Jones,* 71 Wn. App. at 813.

[25]*State v. Russell,* 125 Wn.2d 24, 86, 882 P.2d 747 (1994), *cert. denied,* 514 U.S. 1129, 115 S. Ct. 2004, 131 L. Ed. 2d 1005 (1995).

[26]*In re Twining,* 77 Wn. App. 882, 894-95, 894 P.2d 1331, *review denied,* 127 Wn.2d 1018 (1995).

Will some other form of the less restrictive alternative plan continue to control Mr. Aqui after mid 1995?

Rejecting Aqui's proposed instruction, the trial court chose to instruct the jury to consider just the evidence and instructions that were presented at trial because the court found it speculative to answer the question in any other way. This was a valid reason to decline to give the instruction and the court did not abuse its discretion.[27]

We have considered the rest of Aqui's assignments of error and find them without merit.

We affirm his civil commitment.

COLEMAN and BECKER, JJ., concur.

Reconsideration denied November 14, 1996.

Review denied at 133 Wn.2d 1015 (1997).

---

[27]*See State v. Ng,* 110 Wn.2d 32, 42-44, 750 P.2d 632 (1988); *Daly v. Lynch,* 24 Wn. App. 69, 74-75, 600 P.2d 592 (1979).