[No. 32972-7-II.   Division Two.   June 14, 2006.]

*In the Matter of the Detention of* SHELDON MARTIN, *Appellant.*

*Joseph Orry-Leroy Baker* (of *Law Offices of David Gehrke*), for appellant.

*Robert M. McKenna, Attorney General*, and *Melanie Tratnik, Assistant*, for respondent.

¶1 ARMSTRONG, J. — Sheldon Martin moved to dismiss Thurston County's petition to civilly commit him as a sexually violent predator under RCW 71.09.020(16). He argued that the Thurston County Superior Court lacked jurisdiction because his sexually violent offense occurred in Oregon and his other criminal activity occurred in Clark County, Washington. The lower court denied his motion, and Martin appeals. Although venue may have been improper,[1] the remedy for improper venue is a change of venue, not dismissal of the action. Martin never moved for a change of venue. And because the Thurston County Superior Court had jurisdiction of the action, we affirm.

## FACTS

¶2 In 1992, the State charged and convicted Sheldon Martin of second degree burglary with sexual motivation and indecent exposure in Clark County, Washington. Pend-

---

[1] Because Martin did not move to change venue, we need not decide where venue lies when the defendant's sexually violent offense occurs in another state.

ing sentencing on those convictions, Martin fled to Oregon, where he committed and was convicted of two sexually violent offenses: second degree kidnapping and attempted first degree sexual abuse. After Martin served the Oregon sentences, the authorities returned him to Clark County, where he began serving a 30-month sentence for his Clark County crimes.

¶3 In March 2003, the attorney general's office petitioned in Thurston County Superior Court to commit Martin as a sexually violent predator (SVP) under RCW 71-.09.020(16). Neither of Martin's Washington offenses, second degree burglary with sexual motivation and indecent exposure, is a sexually violent offense as that term is defined in RCW 71.09.020(15) and as used in RCW 71.09.030.

¶4 Martin moved to dismiss the State's petition for civil commitment, asserting that the Thurston County Superior Court was not the proper court to hear the State's petition since he had never been convicted of an offense there. The State countered that the definition of "sexually violent offense" under RCW 71.09.020(15) allows the use of out-of-state convictions as predicate sexually violent offenses, and the established practice of the attorney general's office is to file those petitions in Thurston County. Clerk's Papers (CP) at 90.

¶5 The trial court denied Martin's motion to dismiss, ruling that both jurisdiction and venue were proper.

¶6 In his February 2005 bench trial, Martin stipulated to facts sufficient to commit him as an SVP, reserving the right to appeal the trial court's denial of his motion to dismiss.

## ANALYSIS

### I. Civil Commitment for Sexually Violent Predators

¶7 In chapter 71.09 RCW, the Washington Legislature enacted legislation that allows the State to indefinitely

confine offenders "likely to engage in sexually violent behavior." RCW 71.09.010. Under this legislation, if the court or a jury determines that the person is an SVP beyond a reasonable doubt, the court may civilly commit the person. RCW 71.09.060. Under RCW 71.09.020(16), a "sexually violent predator" is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71-.09.020(15)(b) clarifies that a "sexually violent offense" includes any out-of-state conviction for a felony offense that under the laws of Washington would be a sexually violent offense.

¶8 RCW 71.09.030 describes the commitment procedure:

> When it appears that: (1) A person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement . . . or (5) a person who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement and has committed a recent overt act; and it appears that the person may be a sexually violent predator, the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney may file a petition alleging that the person is a "sexually violent predator" and stating sufficient facts to support such allegation.

## II. Subject Matter Jurisdiction and Venue

¶9 Martin did not move for a change of venue; he moved to dismiss for lack of jurisdiction. In Washington, superior courts are courts of general jurisdiction and "have the authority to hear and decide cases in equity, and all cases at law for which jurisdiction has not been vested by law exclusively in some other court." 15 A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 9.3, at 124 (2006) (citing WASH. CONST. art. IV, §6); *see also Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 915, 949 P.2d 1291

(1997). In general, subject matter jurisdiction means "the court's authority to hear and decide a particular kind of case." TEGLAND, *supra*, § 9.1, at 123; *see Bour v. Johnson*, 80 Wn. App. 643, 910 P.2d 548 (1996). Martin does not dispute that all Washington State superior courts, including Thurston County, have subject matter jurisdiction to hear SVP civil commitment cases under RCW 71.09.020(15)(b).

■ ■ ¶10 While jurisdiction refers to the power of a particular court to hear and decide cases, venue concerns only the place where the suit may be brought within the state. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 316, 76 P.3d 1183 (2003); TEGLAND, *supra*, § 13.1, at 142. The remedy for filing in the wrong county under the venue statutes is a change of venue—not dismissal for lack of subject matter jurisdiction. *J.A. v. State*, 120 Wn. App. 654, 659, 86 P.3d 202 (2004) (citing *Sim v. Wash. State Parks & Recreation Comm'n*, 90 Wn.2d 378, 383, 583 P.2d 1193 (1978)); *cf. Shoop v. Kittitas County*, 149 Wn.2d 29, 35, 65 P.3d 1194 (2003).

¶11 Martin moved only to dismiss, arguing that chapter 71.09 RCW makes clear that "an SVP petition may *only* be filed in a county in which the Respondent has some type of criminal activity." CP at 75. On appeal, Martin argues that because his "sexually violent offense," first degree attempted sexual abuse, is from Multnomah County, Oregon, "there is absolutely no basis for filing an SVP petition against [him] in Thurston County, WA." Br. of Appellant at 11. He emphasizes that under RCW 71.09.030, the prosecutor must file an SVP petition in a county where the respondent was convicted or charged and that because the petition against him was not filed in a county where he was convicted or charged, it must be dismissed.

■ ■ ¶12 Although RCW 71.09.030 does not state so directly, the legislature clearly intended the SVP civil commitment statute to provide for the civil commitment of a person who was convicted of a sexually violent crime in another state. *Compare* RCW 71.09.020(15)(b) *with* RCW 71-

.09.030. But Martin is correct that the only venue language in the statute refers to filing in the "county where the person was convicted or charged." RCW 71.09.030. Nevertheless, Martin cannot avail himself of the apparent gap in the commitment procedure concerning venue for petitions of SVPs whose only sexually violent offenses are out-of-state.

¶13 Martin moved for dismissal based on lack of jurisdiction, a motion the court properly denied because it had jurisdiction. *See, e.g., Dougherty*, 150 Wn.2d at 316 (stating that "[s]tatutes which require actions to be brought in certain counties are generally regarded as specifying the proper venue and 'are ordinarily construed not to limit jurisdiction of the state courts to the courts of the counties thus designated' ") (quoting 77 Am. Jur. 2d *Venue* § 44, at 651 (1997)); *Shoop*, 149 Wn.2d at 37 (holding that the filing requirements of RCW 36.01.050 relate to venue, not subject matter jurisdiction); *Haywood v. Aranda*, 143 Wn.2d 231, 237, 19 P.3d 406 (2001) (holding that "the failure of a person to strictly observe the filing requirements set forth in the mandatory arbitration rules does not deprive the superior court of jurisdiction"). Martin did not move for change of venue, a motion that would have required the court to decide proper venue in light of Martin's out-of-state predicate offense.

¶14 We affirm.

Houghton and Penoyar, JJ., concur.

Review granted at 160 Wn.2d 1009 (2007).