[No. 78963-1.   En Banc.]
Argued September 25, 2007.   Decided May 1, 2008.

*In the Matter of the Detention of* SHELDON MARTIN,
*Petitioner.*

502

503

*Joseph O. Baker* (of *Van Siclen, Stocks & Firkins*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Melanie Tratnik* and *Malcolm S. Ross, Assistants,* for respondent.

¶1 SANDERS, J. — The State committed Sheldon Martin as a sexually violent predator based on two sexually violent offenses he committed in Oregon. Washington's sexually violent predator law (ch. 71.09 RCW) includes out-of-state convictions of sexually violent offenses as a basis for a commitment petition but authorizes only a specific prosecutor to file the petition: "the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney . . . ."[1] The superior court denied Martin's motion to dismiss the petition for want of statutory authorization.

---

[1] RCW 71.09.030.

The Court of Appeals, Division Two, affirmed the superior court, holding the language in the statute was venue language permitting a motion to change venue, not a motion to dismiss. We hold the language in the statute unambiguously authorizes a specific prosecutor to initiate commitment proceedings. Accordingly, we reverse the Court of Appeals and grant Martin's motion to dismiss the State's petition.

## FACTS AND PROCEDURAL HISTORY

¶2 The material facts are undisputed. On March 3, 1992, Martin was convicted in Vancouver, Washington, of burglary in the second degree with sexual motivation and indecent exposure, which are not sexually violent offenses under Washington's sexually violent predator law. Pending sentencing, Martin was released on bail and arrested on April 8, 1992 in Portland, Oregon. Martin pleaded guilty in Oregon to kidnapping in the second degree and attempted sexual abuse in the first degree, two sexually violent offenses. He was sentenced to 120 months. Martin was returned to Washington for sentencing; he was sentenced to 30 months to be served consecutively after his Oregon sentence.

¶3 When Martin neared the end of his sentence in Washington, the End of Sentence Review Committee of the Community Protection Unit of the Washington Department of Corrections determined Martin met the statutory definition of a "sexually violent predator" and recommended referring Martin to the Clark County prosecutor for commitment proceedings. However, the community protection unit instead referred the matter to the Thurston County Prosecuting Attorney's Office. On March 4, 2003, the attorney general's office, at the request of the Thurston County prosecutor, filed the commitment petition in Thurston County Superior Court.

¶4 The trial court denied Martin's motion to dismiss the petition, ruling RCW 71.09.030 did not limit a prosecutor's

authority to seek commitment to those counties where the sexually violent offense occurred. Accordingly, the trial court determined any prosecutor can file a commitment petition when the basis of the petition is an out-of-state conviction for a sexually violent offense. The Court of Appeals, Division Two, affirmed the trial court's order holding the language in RCW 71.09.030 referring to the "county where the person was convicted or charged" was "only venue language" requiring a motion to change venue, not a motion to dismiss. *In re Det. of Martin*, 133 Wn. App. 450, 454-55, 136 P.3d 789 (2006).

¶5 We granted review, *In re Det. of Martin*, 160 Wn.2d 1009, 160 P.3d 54 (2007), and now reverse the Court of Appeals, holding RCW 71.09.030 unambiguously authorizes only a specific county prosecutor to file, or request the attorney general to file, the commitment petition. The Thurston County prosecutor could not file this commitment petition, or request the attorney general's office to file it, because the Thurston County prosecutor never convicted or charged Martin with an offense. Which prosecutor could appropriately take such an action we do not decide.

## STANDARD OF REVIEW

■ ■ ¶6 Statutory construction is a question of law reviewed de novo. *W. Telepage, Inc. v. City of Tacoma Dep't of Fin.*, 140 Wn.2d 599, 607, 998 P.2d 884 (2000). The primary objective of any statutory construction inquiry is "to ascertain and carry out the intent of the Legislature." *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991).

## ANALYSIS

¶7 The question presented is whether RCW 71.09.030 authorizes the Thurston County prosecutor to commence a sexually violent predator commitment proceeding if the Thurston County prosecutor never convicted or charged the subject of the proceeding with an offense.

¶8 RCW 71.09.025 and RCW 71.09.030 establish the mandatory and exclusive procedure whereby a prosecuting attorney commences a sexually violent predator commitment proceeding.

¶9 First, the "agency with jurisdiction"[2] determines whether the person satisfies the statutory criteria of a sexually violent predator.[3] If so, the agency refers the matter to the "prosecuting attorney of the county where that person was charged," providing the prosecutor with "all relevant information."[4] If the agency fails to refer the matter, however, the prosecuting attorney of the county where that person was charged remains authorized to file the commitment petition. *In re Det. of Aqui*, 84 Wn. App. 88, 96, 929 P.2d 436 (1996).

¶10 The statute then enumerates five classes of people subject to commitment as a sexually violent predator:

> (1) A person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement . . . ; (2) a person found to have committed a sexually violent offense as a juvenile is about to be released from total confinement . . . ; (3) a person who has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial is about to be released, or has been released . . . ; (4) a person who has been found not guilty by reason of insanity of a sexually violent offense is about to be released, or has been released . . . ; or (5) a person who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement and has committed a recent overt act; and it appears that the person may be a sexually violent predator . . . .

RCW 71.09.030.

¶11 Once a person falls within one of these five classes of people, "the *prosecuting attorney of the county where the*

---

[2] RCW 71.09.025(4) defines " 'agency with jurisdiction' " as the "agency with the authority to direct the release of a person serving a sentence or term of confinement and includes the department of corrections . . . ."

[3] RCW 71.09.025(1)(a).

[4] RCW 71.09.025(1)(a), (b); *see also* RCW 9.94A.840.

*person was convicted or charged or the attorney general if requested by the prosecuting attorney* may file a petition alleging that the person is a 'sexually violent predator' . . . ." *Id.* (emphasis added).

¶12 When interpreting a statute we first look to its plain language. *State v. Armendariz,* 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the plain language is subject to only one interpretation, our inquiry is at an end. *Id.* If after analyzing the plain language, the statute remains subject to multiple interpretations, it is ambiguous. *Burton v. Lehman,* 153 Wn.2d 416, 423, 103 P.3d 1230 (2005). However, a statute is not ambiguous if multiple interpretations of it are conceivable. *W. Telepage, Inc.,* 140 Wn.2d at 608. In such circumstances the statute is possibly unclear in its application to a specific situation, but it is not ambiguous because its language conveys a single meaning. *See* Lawrence M. Solan, *Law, Language, and Lenity,* 40 Wm. & Mary L. Rev. 57, 62-63, 78-79 (1998-99).

¶13 Here, the phrase "the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney"[5] cannot be interpreted to mean anything but exactly what it says. It exclusively authorizes a specific county prosecutor to commence the proceedings. This language is not ambiguous, and we assume the legislature means exactly what it says. *W. Telepage, Inc.,* 140 Wn.2d at 609.

¶14 Therefore, we must derive the statute's meaning from the words of the statute itself. *State v. Tili,* 139 Wn.2d 107, 115, 985 P.2d 365 (1999). We strictly construe statutes curtailing civil liberties to their terms. *In re Det. of Swanson,* 115 Wn.2d 21, 31, 804 P.2d 1 (1990); *see also In re Det. of Marshall,* 156 Wn.2d 150, 164, 125 P.3d 111 (2005) (Chambers, J., dissenting) ("It is our solemn duty to ensure that the State's power to incarcerate is exercised only under the most stringent of standards."). With this in mind we turn to the question of whether the statute permits the

---

[5] RCW 71.09.030.

Thurston County prosecutor to initiate this commitment proceeding.

### a. RCW 71.09.030 does not permit the Thurston County prosecutor to commence this commitment proceeding

¶15 The sexually violent predator statute defines a " '[s]exually violent offense' " to include out-of-state convictions for certain offenses;[6] however, the statute authorizes only the prosecutor who convicted or charged the subject of the petition to commence the commitment proceeding.[7] "The authority of the prosecuting attorney to appear in a particular proceeding is . . . found in the statute." *Bates v. Sch. Dist. No. 10*, 45 Wash. 498, 501, 88 P. 944 (1907).

¶16 The State and the dissent agree the statute clearly refers to the prosecutor who convicted or charged the subject of the petition to commence the proceeding. However, the State and the dissent construct a legislative intent from the definition of a "sexually violent offense" regarding commitment proceedings based on out-of-state convictions of sexually violent offenses; the legislature must have intended to authorize the Thurston County (or every county) prosecutor to commence the proceedings to avoid the result of identifying the problem without providing a remedy.

¶17 The legislature, however, wrote the statute in an unambiguous manner, and we do not have the power to rewrite it "even if we believe the legislature intended something else but failed to express it adequately." *Vita Food Prods., Inc. v. State*, 91 Wn.2d 132, 134, 587 P.2d 535 (1978). The plain language of the statute expresses the legislature's intent: "the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney may file a petition alleging that the person is a 'sexually violent predator' . . . ." RCW 71.09.030.

---

[6] RCW 71.09.020(15)(b).

[7] RCW 71.09.030.

510

¶18 The dissent would render this plain language meaningless and superfluous, permitting any county prosecutor, or even the attorney general sans request by a county prosecutor, to file the petition. Dissent at 517. We may not render this plain language meaningless or superfluous. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996) ("Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.").

¶19 A construction permitting the Thurston County (or every county) prosecutor to commence the commitment proceedings would frustrate the intended operation of RCW 71.09.030.[8] A prosecutor may commit five classes of people and Martin falls within the first class; he was previously convicted of two sexually violent offenses (in Oregon) and was about to be released. RCW 71.09.030, however, authorizes only the county prosecutor who convicted or charged the alleged sexually violent predator to commence the commitment proceeding, excluding other county prosecutors from commencing a commitment proceeding. Under the maxim *expressio unius est exclusio alterius*,[9] and our duty to strictly construe statutes curtailing civil liberties, we may infer the legislature intended a specific prosecutor to commence the civil commitment proceeding, to the exclusion of all other prosecutors. *See Wash. Natural Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 77 Wn.2d 94, 98, 459 P.2d 633 (1969); *see also Pac. Nw. Annual Conference of United Methodist Church v. Walla Walla County*, 82 Wn.2d 138, 141, 508 P.2d 1361 (1973) ("To strictly construe a statute simply means that given a choice between a narrow, restrictive construction and a broad, more liberal interpretation, we must choose the first option."). Thus, permitting the

---

[8] Moreover, a construction permitting any county prosecutor to commence the commitment proceedings would undermine the operation of RCW 71.09.025(1)(a) as well, since the "agency with jurisdiction" refers the alleged sexually violent predator to the county prosecutor who charged the alleged sexually violent predator.

[9] "[T]o express or include one thing implies the exclusion of the other." BLACK'S LAW DICTIONARY 620-21 (8th ed. 2004).

Thurston County prosecutor to commence the proceeding frustrates this intended operation of the statute.

¶20 The dissent "technically" agrees with our interpretation of the statute but construes the statute broadly, taking a results-oriented approach to statutory interpretation. Dissent at 517-18. Unlike the dissent we believe civil incarceration that is noncompliant with the process due under the statute which authorizes civil incarceration affects a person's substantial rights, namely depriving basic liberty without the process due. See U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3. The dissent assumes no harm by presupposing the Clark County prosecutor would have requested the attorney general to file the petition. The dissent's presupposition ignores the issue, and we reject such ad hoc approach to judicial decision making.

¶21 Under the dissent's approach a statute may not limit a prosecutor's authority. For example, under RCW 7.68-.320(1), "[a]ny property subject to seizure and forfeiture under RCW 7.68.310 may be seized by the prosecuting attorney of the county in which the convicted person was convicted . . . ." Yet according to the dissent if Martin's property was subject to seizure by the Clark County prosecutor, the Thurston County prosecutor could seize it with Martin merely suffering "procedural error," an obviously impermissible conclusion. Dissent at 518. In sum, we must reject the dissent's reasoning because it would lead to a principle being applied in one circumstance that would not be applied in a similar circumstance.

¶22 Moreover, the legislative omission of filing authority when the predicate offense occurs out-of-state, but no Washington prosecutor convicted or charged the alleged sexually violent predator, does not render the clear language of the statute subject to judicial construction because "an unambiguous statute is not subject to judicial construction." Kilian v. Atkinson, 147 Wn.2d 16, 20, 50 P.3d 638 (2002). Nor does this omission render the entire statute absurd or meaningless, the only type of omission this court may correct. State v. Taylor, 97 Wn.2d 724, 729, 649 P.2d

633 (1982); *see also State v. Delgado,* 148 Wn.2d 723, 63 P.3d 792 (2003).

¶23 As we explained in *Taylor* and applied in *Delgado,* there are three types of cases addressing legislative omissions: an understandable omission, an omission creating an inconsistency, and an omission rendering the statute meaningless. *Taylor,* 97 Wn.2d at 729-30; *Delgado,* 148 Wn.2d at 730-31. In the first type of case the court is able to ascertain why the legislature intended a literal reading of the statute. *Taylor,* 97 Wn.2d at 729. "The court does not correct this type of perceived legislative error." *Delgado,* 148 Wn.2d at 730.

¶24 Here, authorizing only the county prosecutor who convicted or charged the alleged sexually violent predator reflects the legislature's perceived limits of its personal jurisdiction over alleged sexually violent predators outside Washington. With limited exception inapplicable here, Washington's criminal or civil authority does not extend beyond its borders. *See State v. Lane,* 112 Wn.2d 464, 771 P.2d 1150 (1989); *Grange Ins. Ass'n v. State,* 110 Wn.2d 752, 753-54, 757 P.2d 933 (1988). Common sense dictates when an alleged sexually violent predator enters our State, he or she simultaneously enters a county of our State. When an alleged sexually violent predator is about to be released from confinement, he or she is about to be released after being convicted of some offense in a county of our State. Authorizing only those prosecutors who convicted or charged the alleged sexually violent predator is understandable; "prosecutors are elected by and answerable to their . . . constituents." *State v. Bryant,* 146 Wn.2d 90, 101, 42 P.3d 1278 (2002). Accordingly, since this omission of filing authority is understandable, we do not correct it. *See Taylor,* 97 Wn.2d at 729.

¶25 In the second type of omission case, the omission does not undermine the effectiveness of the entire statute but "simply kept the purposes [of the statute] from being effectuated comprehensively." *Id.* If a statute contains an inconsistency but remains rational as a whole, this court

will not correct any supposed legislative omission in order to make the statute "more perfect, more comprehensive and more consistent." *Id.* Under these circumstances the court does not "suppl[y] the omitted language because it [is] not 'imperative' to make the statute rational." *Id.*

¶26 By contrast, in the third type of omission case, the omission makes the "statute entirely meaningless." *Delgado*, 148 Wn.2d at 731. This court will compensate for this type of omission if "it is 'imperatively required to make it a rational statute.' " *Taylor*, 97 Wn.2d at 729 (quoting *McKay v. Dep't of Labor & Indus.*, 180 Wash. 191, 194, 39 P.2d 997 (1934)). For example, an omission simultaneously qualifying a person for confinement *and* release is meaningless. *Id.* at 730. Under this circumstance the statute is *completely* ineffectual unless corrected.

¶27 *Delgado* provides an example of where this court draws the line between these two types of omission cases. In *Delgado* this court refused to include a "comparability clause" in a two-strike statute[10] to allow an offense to count as a strike that is factually comparable to the ones listed in the statute. As we explained:

> Reading the two-strike statute to require only those prior offenses listed does not render the act meaningless. Despite potentially inconsistent sentences for those with prior convictions of rape of a child and the former offense of statutory rape, the act still functions to severely punish most recidivist sex offenders.

*Delgado*, 148 Wn.2d at 731; *see also State v. S.M.H.*, 76 Wn. App. 550, 887 P.2d 903 (1995) (holding an omission did not require judicial correction because it did not undermine the effectiveness of the sex offender registration statute despite the result of an unregistered sex offender).

¶28 Here, the omission falls within the second type of omission case because the statute still functions to commit most sexually violent predators. Construing the statute to

---

[10] *Delgado*, 148 Wn.2d at 728 (citing former RCW 9.94A.030(27)(b)(i) (1998)).

permit the Thurston County prosecutor (or every county prosecutor) to commence commitment proceedings when the predicate offense occurs out-of-state, regardless of whether the Thurston County prosecutor convicted or charged the subject of the proceeding, is not imperative to make the statute rational as a whole. The omission does not render the statute meaningless, nor does it make the sexually violent predator law completely ineffectual to achieving its purpose. The inconsistency renders the statute less effective, but "[b]y arguing we should make more perfect this statutory scheme, the State and the dissent ask us to impermissibly transgress on the province of the legislature." *Delgado,* 148 Wn.2d at 731.

¶29 Moreover, a statutory construction permitting any prosecutor to file the commitment petition in light of its express provision of authority to a specific prosecutor is blind judicial intervention without the guidance of a clear legislative intent. The State asks us to sacrifice the legislature's express provision of authority on the altar of the legislature's "inept wording." Resp't's Opening Br. at 7. This court may excuse "inept wording" if it creates an absurd or obviously unintended result. *State v. Burke*, 92 Wn.2d 474, 478, 598 P.2d 395 (1979). However, omitting authority to commence commitment proceedings based on an out-of-state conviction does not create an absurd or obviously unintended result.[11] Without some declaration that the legislature intended the Thurston County (or every county) prosecutor to file the commitment petition when the predicate offense occurs out-of-state, we cannot sanction such an unfettered grant of authority considering the express grant of authority contained in RCW 71.09.030. Any request to amend the statute to avoid the result of applying the plain meaning of the statutory language must be addressed to the legislature. *Amalgamated Transit Union Legislative Council v. State*, 145 Wn.2d 544, 560, 40 P.3d 656 (2002).

---

[11] *See supra* pp. 512-13.

*b. The issue is statutory authority, not subject matter jurisdiction*

¶30 The State argues RCW 71.09.030 creates subject matter jurisdiction over commitment petitions but does not specify a venue for when the sexually violent offense occurs out-of-state. The Court of Appeals agreed with the State, holding the language in RCW 71.09.030 providing the prosecuting attorney of the county where the respondent was convicted or charged was "only venue language" requiring a motion to change venue. *In re Det. of Martin*, 133 Wn. App. at 454-55.

¶31 This argument about subject matter jurisdiction and venue obfuscates the real question before us, which is to determine *whom* the statute authorizes to file the petition, not *where* the petition is filed. Certainly naming a specific prosecutor as the filing authority establishes venue; however, venue does not supersede the expression of authority. If the prosecutor who instituted the proceeding was not authorized to do so, "logically it follows that he cannot insist upon a [motion to change venue] any more than he can claim the right to institute the suit in the first instance." *State ex rel. Attorney Gen. v. Seattle Gas & Elec. Co.*, 28 Wash. 488, 513, 70 P. 114 (1902). The State's reliance on *Dougherty v. Department of Labor & Industries*, 150 Wn.2d 310, 76 P.3d 1183 (2003) is misplaced because the question in *Dougherty* was exactly the opposite from the one presented here, i.e., where to file, not who files.

¶32 In *Dougherty* the issue was whether an express statutory designation of the county to file a workers' compensation appeal limited jurisdiction or specified venue. Critical to our purpose here Dougherty's authority to file the appeal was never questioned. *Id.* at 314-15 (observing the statute's first half provided authority, whereas the second half specified venue). The *Dougherty* court held the statute in question[12] was procedural not jurisdictional and

---

[12] RCW 51.52.110.

filing in the wrong county was cured by changing venue. *Id.* at 320.

¶33 In contrast to *Dougherty*, the question here is *who* files the petition, not *where* the petition is filed. The *Dougherty* court was unconcerned with filing authority; therefore, the *Dougherty* court's analysis of subject matter jurisdiction and venue is irrelevant to the question before us.

## CONCLUSION

¶34 We hold RCW 71.09.030 unambiguously authorizes a specific prosecuting attorney to file, or request the filing of, a sexually violent predator petition, namely the prosecuting attorney who convicted or charged the alleged sexually violent predator. The Thurston County prosecutor lacked the authority to commence the commitment proceedings against Martin because the Thurston County prosecutor never convicted or charged Martin. Before the State can commit a person for what may arguably be the remainder of his life, the State must be put through the inconvenience of fully complying with the statute.

¶35 We reverse the Court of Appeals decision and remand to Thurston County Superior Court with directions to grant Sheldon Martin's motion to dismiss the State's petition.

ALEXANDER, C.J., and MADSEN, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶36 CHAMBERS, J. (dissenting) — At most, this case presents a highly technical statutory error, the kind the legislature has instructed us to disregard unless it affects "the substantial rights of the adverse party." RCW 4.36.240. Since Sheldon Martin has not met this burden, I respectfully disagree with my colleagues that he is entitled to the extreme remedy of dismissal.

¶37 Our legislature has created a system of civil confinement for sexually violent predators who are likely to

reoffend, chapter 71.09 RCW. Under chapter 71.09 RCW, the State could civilly commit Martin if it proved, beyond a reasonable doubt, that he is a "sexually violent predator" as defined by the act. RCW 71.09.060. *See generally In re Det. of Albrecht*, 147 Wn.2d 1, 7, 51 P.3d 73 (2002). Our legislature has designated "the prosecuting attorney of the county where the person was convicted or charged" of an offense as the proper entity to either bring a sexually violent predator petition or ask the attorney general to do so. RCW 71.09-.030. Alas, the Thurston County prosecutor asked the attorney general to bring this case, even though Martin was never charged or convicted in Thurston County. I agree with my colleagues that the State failed to follow the letter of the law.

¶38 However, I disagree that Judge McPhee committed reversible error when he denied a motion to dismiss the State's sexually violent predator petition against Martin because the Thurston County prosecutor asked the attorney general to represent the State in filing the petition. This case might be different had Martin asked for some other, more limited relief. But the Thurston County Superior Court had the constitutional power to hear this petition, and I see no cause to dismiss the petition merely because the "wrong" prosecutor asked the attorney general to file it. *See* CONST. art. IV, § 6. *See generally Dougherty v. Dep't of Labor & Indus.,* 150 Wn.2d 310, 315-16, 76 P.3d 1183 (2003). Because this is a question of statutory interpretation, our role here is to interpret the intent of the legislature within the constraints of the constitution, not to audit the State's technical performance. *Dep't of Ecology v. Campbell & Gwinn, LLC,* 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002) (citing *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001)).

¶39 I agree with my colleagues that technically, the Thurston County prosecutor should not have asked the attorney general to file this petition. However, I cannot agree that this error deprived either the attorney general of the authority to file or the superior court of the authority to

hear the petition. Martin suffered a technical, procedural error. From the earliest days of statehood, this court has required some showing that such technical errors affected the substantial rights of the nonprevailing party before we would intervene. *E.g., Eakin v. McCraith*, 2 Wash. Terr. 112, 117, 3 P. 838 (1882); *see also* RCW 4.36.240 (harmless error shall be disregarded). Martin is entitled to relief only if he can show he suffered some harm from having the Thurston County prosecutor, as opposed to the Clark County prosecutor, ask the attorney general to initiate these proceedings. He has not met that burden.

¶40 I also disagree with the majority's assertion that the question presented in this case is exactly the opposite of the question presented in *Dougherty,* 150 Wn.2d 310. In at least one important way, these cases are strikingly similar. In *Dougherty,* the relevant statute directed that certain administrative appeals "shall be" filed in a particular county court. *Dougherty,* 150 Wn.2d at 315 (quoting RCW 51.52-.110). In the case before us, the relevant statute directs that certain prosecutors "may" initiate sexually violent predator petitions. *See* RCW 71.09.030. In both cases, someone made a mistake: in *Dougherty,* an appeal was filed in the wrong court; in this case, the wrong prosecutor asked the attorney general to file the case. And in each case, the offended party is entitled to relief, in my view, only if he or she can show harm.

¶41 There certainly are situations where we should dismiss an action filed by the wrong party. *See generally Bouckaert v. State Bd. of Land Comm'rs,* 84 Wash. 356, 359-60, 146 P. 848 (1915). But the wrong party did not file this case. The legislature vested the attorney general with the authority to file these cases, RCW 71.09.030, and the attorney general filed this one. Maybe the prosecutor in Clark County, where Martin was charged and convicted, had interests that the Thurston County prosecutor thwarted, but that would be for the Clark County prosecutor to tell us.

Martin has suffered no wrong for which the law gives a remedy.

¶42 I respectfully dissent.

C. JOHNSON and OWENS, JJ., and BRIDGE, J. PRO TEM., concur with CHAMBERS, J.

Reconsideration denied June 30, 2008.