FILED
COURT OF APPEALS
DIVISION II

2014 JUL -1 AM 8: 50

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of | No. 44500-0-II |
| TODD M. PLACE, a/k/a Todd McKown, | UNPUBLISHED OPINION |

JOHANSON, C.J. — Todd McKown[1] challenges the Thurston County Superior Court's denial of his motion to vacate a stipulated order committing him as a sexually violent predator (SVP). McKown argues that the order was void and, thus, his CR 60 motion was not time barred. He correctly points out that the commitment action had been initiated by the Thurston County Prosecutor without statutory authority to do so and argues that the prosecutor's action made the order void. The trial court disagreed with McKown and denied the motion to vacate, citing the 12-year time gap between the entry of the order and McKown's motion. We affirm the trial court; a judgment is void only if made without subject matter jurisdiction or personal jurisdiction, and neither is the case here.

---

[1] The petitioner's birth name is Todd M. Place, and he was referred to as such during the original proceedings in 2000. He now prefers to be known as Todd McKown. Out of respect for the appellant, this opinion will refer to him as McKown throughout.

FACTS

For most of his life, McKown has been receiving treatment for "extreme behavioral problems." Clerk's Papers (CP) at 8. McKown has been implicated in sexual misconduct ranging from voyeurism and "flashing" to forcible intercourse, and he claims to have assaulted a total of 37 victims, with ages ranging from 3 to 50. He has been convicted of sexually violent offenses on two occasions. In 1989, while in the custody of the Oregon Youth Authority, McKown absconded from an Oregon Youth Authority school with a nine-year-old student and raped him. As a result, he was convicted of first degree sexual abuse and first degree attempted sodomy. Then, in Skagit County, Washington in 1995, McKown was caught fondling his 10-year-old cousin. He admitted that he would have raped his cousin if he had not been discovered and stated to police, "'Next time I am going to turn to murder. Next time I won't be Mr. Nice Guy. This ain't even a quarter or a third of what I can do. Not even a tenth. I like blood, death, murder, and violence.'" CP at 9. McKown subsequently pleaded guilty to communicating with a minor for immoral purposes and was incarcerated.

In 1999, McKown was due to be released from prison when the Thurston County Prosecuting Attorney's Office contacted the Washington Attorney General's Office to request that McKown be committed as an SVP pursuant to ch. 71.09 RCW. As the parties now acknowledge, the Thurston County Prosecuting Attorney's Office had no authority to make this request because McKown had not been charged or convicted in Thurston County. CP at 45-46 (citing *In re Det. of Martin*, 163 Wn.2d 501, 506, 182 P.3d 951 (2008)). Nevertheless, the Washington Attorney General's Office proceeded to file a petition to civilly commit McKown as an SVP. In support of this petition, the State retained a psychologist who found that McKown suffered from "Pedophilia, as well as a Depressive Personality Disorder with Borderline

2

Personality Features and Avoidant Personality Features." CP at 10-11. She further found that McKown's condition made him "likely to engage in predatory acts of sexual violence" if he were not treated under "total confinement in a secure facility." CP at 11.

Subsequently, McKown and the State stipulated to the facts concerning McKown's deviant behaviors and stipulated that these facts "establish beyond a reasonable doubt that [McKown] is a[n SVP], as that term is defined in RCW 71.09.020." CP at 11. They further stipulated to the subject matter jurisdiction and the personal jurisdiction of the court. Finally, they stipulated to an order declaring McKown an SVP and committing him to the custody of the Department of Social and Health Services for treatment and counseling in a secure facility. The trial court entered the stipulated order on November 20, 2000.

McKown has never challenged these findings of fact or conclusions of law on the merits. Rather, in 2012, McKown moved to dismiss his stipulated order of commitment on two theories. First, he argued that the Thurston County Prosecuting Attorney's Office lacked authority under the SVP statute to have the Attorney General's Office initiate the proceeding against him, and that he was entitled to relief under CR 60(b)(5), (11), and (c). Second, McKown argued that the trial court lacked subject matter jurisdiction to hear the SVP proceeding, but he later abandoned that argument.

> After hearing oral argument, the trial court denied McKown's motion, holding that
>
> the aspect of CR 60 that does not permit motions like this brought beyond a lengthy period of time applies and that the 12 years in the interim is too long for the Court to grant the motion to dismiss under CR 60, considering it's not a subject matter jurisdiction issue.

Report of Proceedings at 22. The trial court noted that while there might have been procedural defects in the way the SVP proceeding was initiated, 12 years after the fact was too late to rectify those defects.

McKown appealed the trial court's denial, raising only one issue on appeal—he argued that the 2000 stipulated order was void and could be vacated under CR(60)(b) at any time.

## ANALYSIS

### I. STANDARD OF REVIEW

This court reviews a trial court's decision on a motion to vacate a judgment for abuse of discretion. *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978); *In re Marriage of Herridge*, 169 Wn. App. 290, 296, 279 P.3d 956 (2012); *In re Marriage of Newlon*, 167 Wn. App. 195, 199, 272 P.3d 903 (2012); *Barr v. MacGugan*, 119 Wn. App. 43, 46, 78 P.3d 660 (2003). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

### II. VOIDNESS

Although 12 years passed between McKown's commitment and his motion to vacate, McKown correctly argues that a void judgment is not subject to a time bar and may be vacated at any time. *In re Marriage of Leslie*, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989). The issue is whether this stipulated order was void. As we discuss below, a judgment is void if the issuing court lacks subject matter jurisdiction or personal jurisdiction. Because the superior court had jurisdiction, we reject McKown's argument and affirm the trial court.

## A. Untimely Relief From a Judgment

CR 60(b) provides that a motion to vacate must be made "within a reasonable time." But as the courts have consistently recognized, a motion to vacate a void judgment under CR 60(b)(5) is an exception to the reasonable time requirement. In *Leslie*, the trial court entered a default judgment in favor of the respondent, awarding expenses that the respondent had not requested. 112 Wn.2d at 614. The petitioner moved for relief from the default eight years later and the court denied the motion. *Leslie*, 112 Wn.2d at 616-17. We affirmed the denial, holding that eight years was "'not a reasonable time as contemplated by CR 60(b)(5).'" *Leslie*, 112 Wn.2d at 617 (quoting *In re Marriage of Leslie*, noted at 50 Wn. App. 1061 (1988)). The Supreme Court reversed, holding that the original judgment was void[2] to the extent it provided relief not requested in the complaint and that void judgments could be vacated "irrespective of the lapse of time." *Leslie*, 112 Wn.2d at 618 (citing *John Hancock Mut. Life Ins. Co. v. Gooley*, 196 Wash. 357, 370, 83 P.2d 221 (1938)).

Similarly, in *Allstate Insurance Co. v. Khani*, 75 Wn. App. 317, 320, 877 P.2d 724 (1994), the appellant was not properly served and subsequently the court entered a default judgment against him. The trial court denied his motion to vacate, noting that the appellant had "'waited for over four years before doing anything about [the default] or taking any action to have it set aside.'" *Allstate*, 75 Wn. App. at 322. Another division of this court reversed, holding that the judgment was void because service had been improper, depriving the lower

---

[2] The Supreme Court held that the trial court's order was made without "jurisdiction," but did not specify what kind of jurisdiction was lacking. *Leslie*, 112 Wn.2d at 617. In any event, *Leslie* was decided before the Supreme Court clarified in *Marley v. Dep't of Labor & Industries*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994), that a judgment could only be void for lack of personal jurisdiction or subject matter jurisdiction.

court of personal jurisdiction. *Allstate*, 75 Wn. App. at 324 (citing *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)). Under the *Leslie* rule, the appellant was then entitled to relief regardless of the passage of time.

If the Thurston County stipulated order was indeed void, then the 12-year interim between the entry of the order and McKown's motion to vacate is no more relevant than the 8-year interim in *Leslie* or the 4-year interim in *Allstate*. Accordingly, the determinative question is whether the order committing McKown was void or not. We turn to the issue of voidness now.

## B. VOIDNESS

Voidness is a narrow concept. The Supreme Court has made clear that "a court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over the claim." *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994). McKown does not argue that the court lacked either personal jurisdiction over the party or subject matter jurisdiction over the claim—indeed, he stipulated to both—but rather raises the alternate theory that the superior court lacked "authority, statutory or otherwise." Br. of Appellant at 9. In support of this theory, he cites *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (differentiating error of law from "power to make the order or rulings complained of") (quoting *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352 (1943)). His reliance on *Dike* is not well taken. The Supreme Court clarified in *Marley* that the authority to enter an order is not in itself part of the test for voidness, but merely "a subset of subject matter jurisdiction, adopted by this court to account for the unique qualities of contempt orders." 125 Wn.2d at 540. That is, there are only two ways that a judgment can be void and thus exempt from the time bar: lack of personal jurisdiction and lack of subject matter jurisdiction.

At no point did McKown allege that the superior court lacked personal jurisdiction to enter the order committing him and nothing in the record suggests that the court lacked personal jurisdiction. Furthermore, McKown voluntarily abandoned his subject matter jurisdiction arguments prior to this appeal. But even if he did not, the procedural defects he asserts did not deprive the court of subject matter jurisdiction. As our Supreme Court tells us, the "authority to enter a given order" is something quite different from subject matter jurisdiction. *Marley*, 125 Wn.2d at 539. Indeed, our Supreme Court has held—on similar facts to this case—that the prosecutor's "filing authority" was not a matter of subject matter jurisdiction; rather, the appellant's subject matter jurisdiction and venue arguments were "irrelevant to the question" of whether the prosecutor had authority to initiate an SVP proceeding. *Martin*, 163 Wn.2d at 515-16. This is because subject matter jurisdiction—that is, the inherent authority to hear a particular type of case—is a broad concept that will be found absent "only in 'compelling circumstances, such as when it is explicitly limited by the Legislature or Congress.'" *In re Marriage of Kelly*, 85 Wn. App. 785, 790, 934 P.2d 1218 (quoting *In re Marriage of Major*, 71 Wn. App. 531, 534, 859 P.2d 1262 (1993)), *review denied*, 133 Wn.2d 1014 (1997). McKown does not argue that the legislature limited subject matter jurisdiction in this case. Rather, he argues that the prosecutor lacked authority to bring the case—a very different proposition from the *court* lacking authority to *hear* the case.

The superior court erred when it entered the order committing McKown at the behest of a prosecutor that had no authority to initiate the proceeding. *See Martin*, 163 Wn.2d at 516. If McKown had timely challenged his commitment, he may have been entitled to relief. He did

7

not; he waited 12 years. Absent any briefing that the delay was reasonable,[3] McKown is entitled to relief only if the superior court's judgment was not merely erroneous, but *void*—that is, if the court lacked personal jurisdiction or subject matter jurisdiction. McKown did not prove the absence of personal jurisdiction or subject matter jurisdiction, but rather proved something different: the absence of filing authority. The trial court did not abuse its discretion when it ruled that this showing was not enough to overcome the CR 60 time bar. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MELNICK, J.

---

[3] McKown argued to the trial court that his delay was reasonable because he had obtained new counsel. The superior court disagreed and McKown did not raise the issue on appeal.