FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 OCT -8  AM 9: 54

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of | ) ) ) | No. 76256-7-I |
| | ) ) | PUBLISHED OPINION |
| MANUEL PAREJO, | ) ) | |
| Petitioner. | ) | FILED: October 8, 2018 |

SCHINDLER, J. — RCW 9.95.115 gives the Indeterminate Sentence Review Board (ISRB) the authority to parole sex offenders for crimes committed before July 1, 1984 but states "no such person shall be released under parole who is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW." Manuel Parejo filed a personal restraint petition challenging the decision of the ISRB to deny parole based on a prefiling 2011 forensic psychological evaluation the Department of Corrections requested to determine whether he met the criteria of a sexually violent predator under chapter 71.09 RCW. Parejo contends the ISRB abused its discretion and violated his right to due process by relying on the 2011 sexually violent predator evaluation to indefinitely deny parole. After oral argument, the ISRB filed a motion to dismiss the petition as moot because the ISRB granted parole. Although the inability to provide relief to Parejo renders his personal restraint petition technically moot, we

address the ISRB's interpretation of RCW 9.95.115 because it is likely to reoccur and to provide guidance. We hold under the plain and unambiguous language of RCW 9.95.115, the ISRB is not prohibited from releasing a person on parole unless the person is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW. Chapter 71.09 RCW governs whether a person is subject to commitment as a sexually violent predator. Contrary to the interpretation of the ISRB, a prefiling forensic psychological evaluation does not mean a person is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW. Because Parejo is no longer under lawful restraint, we deny his personal restraint petition.

1978 Conviction

On March 20, 1978, a jury convicted Manuel Parejo of rape in the first degree while armed with a firearm and kidnapping in the first degree while armed with a firearm. On July 27, 1978, Parejo pleaded guilty to being a habitual criminal. The court sentenced Parejo to a maximum sentence of "not more than life" and "a minimum term to be fixed by the Board of Prison Terms and Paroles."[1] The Indeterminate Sentence Review Board (ISRB)[2] released Parejo on parole in December 1991. In 1993, the ISRB revoked his parole and set a minimum term of 60 months.

2011 Parole Decision

Chapter 9.95 RCW governs the indeterminate sentence and parole of a sex offender convicted of a crime committed before July 1, 1984. In re Pers. Restraint of Lain, 179 Wn.2d 1, 11, 315 P.3d 455 (2013); In re Pers. Restraint of Ayers, 105 Wn.2d

---

[1] The Sentencing Reform Act of 1981, chapter 9.94A RCW, renamed the Board of Prison Terms and Paroles as the Indeterminate Sentence Review Board. In re Pers. Restraint of Whitesel, 111 Wn.2d 621, 626, 763 P.2d 199 (1988); see RCW 9.95.009(1).

[2] We note several quotes throughout the opinion refer to the Indeterminate Sentence Review Board as the "Board" or the "board."

161, 162, 713 P.2d 88 (1986). The ISRB is the agency with jurisdiction over sex offenders convicted of crimes before July 1, 1984. RCW 9.95.140(1); see In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 142-43, 866 P.2d 8 (1994). Under chapter 9.95 RCW, the superior court sets the offender's maximum sentence and the ISRB determines the actual period of confinement. Cashaw, 123 Wn.2d at 142-43. The "minimum term" establishes a date when the inmate becomes eligible to be considered for parole. RCW 9.95.011(1), .040, .052; see also WAC 381-40-100; In re Pers. Restraint of Powell, 117 Wn.2d 175, 186 n.1, 814 P.2d 635 (1991). The minimum sentence "carries with it no guarantee of release; it only establishes a date when the inmate becomes eligible to be considered for parole." Cashaw, 123 Wn.2d at 143.[3] If the ISRB determines the offender is not fit for parole, it sets a new minimum sentence within the bounds of the maximum term. RCW 9.95.052, .100. The ISRB "shall not, . . . until his or her maximum term expires, release a prisoner, unless in its opinion" the inmate has been rehabilitated and is "subject for release." RCW 9.95.100. The ISRB must "give public safety considerations the highest priority when making all discretionary decisions on the remaining indeterminate population regarding the ability for parole, parole release, and conditions of parole." RCW 9.95.009(3).

On February 16, 2011, the ISRB found, "[T]his is the appropriate time to conditionally parole Mr. Parejo to a Mutual Re-Entry Plan to begin the process of transitioning back to the community." The ISRB found Parejo completed "all programming available in the prison setting," including chemical dependency treatment, the "Sex Offender Treatment Program" (SOTP), and the SOTP "Max Benefits Group." In addition, Parejo had "been active with the Interaction Transition (IT) group within the

---

[3] Emphasis omitted.

3

prison and has been accepted to live at the IT House, if released." The "Decision" states Parejo also had "strong community support from his family and employment waiting for him." The Decision states that although Parejo committed infractions during his early years in prison, "he has remained infraction free for over seven years now." The ISRB states, "These behaviors are strong indicators that Mr. Parejo has been rehabilitated." The ISRB Decision states:

> **BOARD DECISION:**
> This was a Deferred Decision. Based on the requirements of RCW 9.95.009(3) and RCW 9.95.100 and the totality of the evidence and information considered by the Board, the Board finds that Mr. Parejo is conditionally parolable to a MRP (Mutual Re-Entry Program) and adds 18 months to his minimum term to effectuate development and implementation of his MRP.
>
> However, the ISRB notes the decision to parole Parejo may result in a

Department of Corrections (DOC) End of Sentence Review Committee (ESRC) request for a forensic psychological evaluation to determine whether Parejo meets the criteria of a sexually violent predator.

> The Board is also cognizant that its decision today may prompt a decision by the End of Sentence Review Committee to request a forensic psychological evaluation to determine whether Mr. Parejo meets the criteria for civil commitment under Chapter 71.09 RCW. Should such an evaluation take place, the Board requests a copy and reserves the right to reconsider its decision in light of the results of that evaluation.

RCW 72.09.345(1) gives DOC the authority to release "relevant information that is necessary to protect the public concerning offenders convicted of sex offenses." The ESRC assigns "risk levels," reviews "available release plans," and makes "appropriate referrals for sex offenders." RCW 72.09.345(2). "Sex offenders convicted of crimes committed before July 1, 1984, who are under the board's jurisdiction shall be subject to

the determinations of the [ESRC] regarding risk level and subject to sex offender registration and community notification." RCW 9.95.140(1).

> The [ESRC] shall review each sex offender under its authority before the offender's release from confinement or start of the offender's term of community custody in order to: (a) Classify the offender into a risk level for the purposes of public notification under RCW 4.24.550; (b) where available, review the offender's proposed release plan in accordance with the requirements of RCW 72.09.340; and (c) make appropriate referrals.

RCW 72.09.345(5).

<u>2011 Forensic Psychological Evaluation</u>

On September 13, 2011, DOC asked Dr. Matthew Logan to conduct a forensic psychological evaluation of Parejo "to determine if Mr. Parejo meets criteria for commitment as a Sexually Violent Predator under RCW 71.09." The notice to Parejo states that if the evaluation concludes he meets the criteria for a sexually violent predator and the court finds he meets the criteria, "you could be sent to a treatment program at a secure state facility."

> Because of your past convictions for sexual crimes, you are being evaluated as a possible Sexually Violent Predator under the law (Revised Code of Washington 71.09). The purpose of the evaluation is to decide if you have a mental condition ("mental abnormality or personality disorder") that makes you likely to commit "predatory acts of sexual violence" in the future. If you qualify under the law, you will be sent to court for trial. If the court finds you to be a Sexually Violent Predator, you could be sent to a treatment program at a secure state facility. This would be an involuntary commitment to a treatment program run by the Washington Department of Social and Health Services.
>
> . . . .
>
> If you do not consent to the interview, place conditions on the interview which cannot for any reason be accommodated, or otherwise decline to participate, the evaluation will be completed using your records and other sources of information.

On November 11, 2011, Dr. Logan issued a psychological evaluation report for

"Sexually Violent Predator Civil Commitment under RCW 71.09." The report addresses whether Parejo has "a mental abnormality defined in RCW 71.09 as 'a congenital or acquired condition, including a personality disorder, affecting the emotional or volitional capacity' " and whether Parejo is "likely to engage in predatory acts of sexual violence if not confined in a secure facility."

Because Parejo declined to participate in the assessment, Dr. Logan based the evaluation solely on a "review of relevant file information and collateral staff reports." Dr. Logan acknowledged the "limitations" of the review and that "without the opportunity for a current clinical interview, it is not possible to conduct a mental status examination, corroborate information provided in other reports, or to obtain a current perspective from Mr. Parejo." Dr. Logan addressed the "statistical risk to re-offend" based on personality and behavioral patterns. Dr. Logan concluded 61-year-old Parejo "**meets** the criteria for civil commitment as a sexually violent predator as described in RCW 71.09."[4]

2012 ISRB Decision

The ISRB held a parole hearing on April 18, 2012. At the beginning of the hearing, an ISRB member states that under RCW 9.95.115, when a forensic psychological evaluation finds a person meets the criteria as a sexually violent predator, the ISRB "no longer ha[s] the discretion to make a release decision."

> [W]e saw Mr. Parejo back in January of 2011 and the board found him conditionally parolable at that time to a neutral reentry plan[.] We rather expected, I think, that [DOC] would request a forensic psychological examination and that has occurred and was completed back in November by Dr. [Logan]. . . . It's the board's understanding, as we have been advised by our Assistant Attorney General, that when we receive a forensic psychological evaluation that finds that a person is — does meet the criteria, that we no longer have the discretion to make a release decision. . . . As a consequence we have previous cases where we found

_____

[4] Emphasis in original.

a person conditionally parolable, then changed that decision and found them not parolable based on that forensic and as I say, it's our understanding that the statute takes away any discretion on our part.

The attorney representing Parejo argued the ISRB's interpretation of RCW 9.95.115 was contrary to the language of the statute and the procedures under chapter 71.09 RCW.

> [T]he fact that this board has made a decision and then proceeds to say that well, our hands are now tied, when we're going to have to essentially revoke parole . . . doesn't even allow an individual like Mr. Parejo a chance to challenge this, whereas in the [chapter] 71.09 [RCW] process, at least you have the crucible of a fact-finding process. . . . [B]ut here you have a situation where we have to accept that this particular report, which I think is quite frankly, you know, it has no credibility, controls the release of someone who has done everything that the parole board has asked.

The ISRB member reiterated the ISRB had no discretion to consider parole after receiving the forensic psychological evaluation.

> You're preaching to the choir, . . . as we've read the statute, it appears to be — it doesn't appear to give the board any discretion once that dertermina— once that forensic psychological has been, that finding has been made by a psychologist. So I don't like it either. Because we would much prefer to have the discretion to decide what weight to place on that information in the way that I think you have argued, in that it's one piece of evidence amongst many, and it does have the effect of precluding an opportunity for a trial to determine, to make that determination.

On June 28, 2012, the ISRB issued its Decision. The ISRB reiterates the reasons it previously decided to conditionally parole Parejo:

> Parejo had completed all programming available in the prison setting . . . . In addition, he had been active with the Interaction Transition (IT) group within the prison and had been accepted to live at the IT House, if released. The Board found that these behaviors were strong indicators that Mr. Parejo had been rehabilitated. The Board further noted that Mr. Parejo had saved a substantial sum to assist in his successful transition to the community, had strong community support from his family and had employment waiting for him. These circumstances were sufficient for the Board to find that it was the appropriate time to conditionally parole Mr.

7

Parejo to a Mutual Re-Entry Plan (MRP) and begin the process of transitioning him back to the community.

The Decision states that after the ISRB concluded Parejo should be released, the ESRC "ordered a forensic psychological evaluation to determine whether Mr. Parejo met criteria for civil commitment under Chapter 71.09 RCW."

The ISRB cites the requirements of RCW 9.95.009(3) and .100 but rescinds the previous Decision to conditionally parole Parejo based solely on the 2011 forensic psychological evaluation.

> Little has changed with Mr. Parejo since our last hearing, except that Mr. Parejo has rejoined the Max Benefits group, as the Board had recommended. The primary difference since our last hearing comes from the receipt of Dr. Logan's forensic psychological evaluation, in which Dr. Logan found that Mr. Parejo met the criteria for civil commitment under Chapter 71.09 RCW.

The ISRB found Parejo is not parolable and added 36 months to his minimum term. The ISRB requested the ESRC complete a new forensic psychological evaluation before the next parole hearing. The ISRB notes Parejo has the right to seek an evaluation from an expert at personal expense.[5]

2013 Forensic Psychological Evaluation

Parejo retained Dr. Erik Schlosser to conduct a forensic psychological evaluation to determine whether he "meets the criteria for civil commitment as defined by RCW 71.09." Dr. Schlosser conducted an approximately three-hour telephone interview with Parejo and reviewed his records and prior psychological evaluations. Dr. Schlosser performed several risk assessment tests. The tests showed "[m]oderate level of risk

---

[5] Parejo filed a personal restraint petition challenging the 2012 Decision to deny parole and extend his minimum sentence. We dismissed the personal restraint petition because Parejo did not meet his burden to show that the ISRB acted willfully and unreasonably or that its decision was arbitrary and capricious. The order of dismissal notes Parejo also argued the ISRB application of RCW 9.95.115 violated equal protection and ex post facto prohibitions.

with factors that can be managed realistically in the community." On June 28, 2013, Dr. Schlosser issued a 14-page evaluation. Dr. Schlosser concluded to a "reasonable degree of professional certainty" that Parejo "does not have a mental abnormality" and does not meet the criteria for civil commitment as defined by chapter 71.09 RCW.

## 2013 ISRB Parole Hearing

The ISRB held a parole hearing on October 1, 2013 and issued a Decision on November 20, 2013. The ISRB cites the requirements of RCW 9.95.009(3) and .100, found Parejo is not parolable, and added 30 months to his minimum term. The Decision states the two competing forensic psychological evaluations are difficult to evaluate.

> The Board is faced with considering two competing forensic evaluations, one completed in 2011 through the ESRC that determined Mr. Parejo meets criteria as a sexually violent predator under RCW 71.09, and a more recent evaluation from June, 2013, provided by an out-of-state psychologist that opines Mr. Parejo is a moderate risk for sexual reoffending and does not meet criteria as a sexually violent predator. Mr. Parejo's DOC Risk Classification Level has been assessed as "High Violent."

> . . . .

> The two psychologists involved in these separate evaluations both appear to have considerable experience in conducting these specialized forensic evaluations, however, the amount of file materials reviewed and the different actuarial assessments used make a comparison more difficult for the Board.

The Decision states the ISRB "would like to see an updated [forensic psychological evaluation] on Mr. Parejo from the ESRC that will again factor in age and the conflicting arguments raised by Dr. Schlosser's evaluation."

## 2016 ISRB Parole Decision

The ISRB held a parole hearing on October 20, 2015 and issued a Decision on January 7, 2016. The ISRB cites the requirements of RCW 9.95.009(3) and .100, found

9

Parejo is not parolable, and added 48 months to his minimum term. The Decision states that "[l]ittle has changed since the Board's last hearing with Mr. Parejo. The Board still has two competing [forensic psychological evaluations]." The ISRB notes the 2011 forensic psychological evaluation from Dr. Logan showed Parejo meets the sexually violent predator criteria, while the 2013 forensic psychological evaluation from Dr. Schlosser showed Parejo was a moderate risk to reoffend and did not meet the sexually violent predator criteria. The ISRB states Parejo is "in need of an updated [forensic psychological evaluation] to determine if he meets the criteria as a sexually violent predator as the one completed on behalf of ESRC is now four years old."

2016 Personal Restraint Petition

In December 2016, Parejo filed a personal restraint petition challenging the Decision of the ISRB. Parejo argued the ISRB abused its discretion and violated his right to due process by relying solely on the forensic psychological evaluation to indefinitely deny parole while simultaneously refusing to refer him to the prosecuting attorney or attorney general as a sexually violent predator under chapter 71.09 RCW. Parejo attached a number of exhibits to his personal restraint petition, including a May 21, 2015 letter from the DOC civil commitment program administrator to Parejo's attorney. The letter states, in pertinent part:

> Per RCW 9.95.115, "No such person shall be granted parole unless the person has been continuously confined therein for a period of twenty consecutive years, less earned good time, PROVIDED that no such person shall be released under parole who is subject to civil commitment as a Sexually Violent Predator under Chapter 71.09 RCW." The ESRC and Department of Corrections do not have an opinion to provide in this matter, other than the ISRB is mandated to follow this statute.

In order to obtain relief, Parejo must demonstrate that he is being " 'restrained

10

under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c).' " In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212-13, 227 P.3d 285 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 299, 88 P.3d 390 (2004)). We scheduled a hearing on the merits.

ISRB Motion To Dismiss as Moot

After oral argument, the ISRB filed a motion to dismiss the personal restraint petition as moot because the ISRB found Parejo conditionally parolable. The July 30, 2018 Decision states a May 31, 2018 forensic psychological evaluation of Parejo by Dr. C. Mark Patterson concluded Parejo does not meet the sexually violent predator criteria.

> Based on the requirements of RCW 9.95.009(3) and RCW 9.95.100 and the totality of evidence and information considered by the Board, the Board finds that Mr. Parejo is conditionally parolable to a Mutual Reentry Plan (MRP). Add 36 months to his minimum term.
>
> **NEXT ACTION:**
> Transfer to an appropriate camp setting as soon as possible. Schedule a [RCW 9.95].100 hearing approximately 120 days prior to PERD.[6]

As a general rule, appellate courts do not consider a case that is moot. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). "A case is technically moot if the court can no longer provide effective relief." Hunley, 175 Wn.2d at 907. But even though we can no longer provide effective relief, we have the discretion to decide an issue that is of continuing and substantial public interest. Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). To determine whether a case presents an issue of continuing and substantial public interest, we consider three factors: " '[(1)] [T]he public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers,

---

[6] Parole eligibility release date.

11

and [(3)] the likelihood of future recurrence of the question.'" <u>Hunley</u>, 175 Wn.2d at 907[7] (quoting <u>In re Pers. Restraint of Mattson</u>, 166 Wn.2d 730, 736, 214 P.3d 141 (2009)).

Here, all three factors weigh in favor of addressing RCW 9.95.115 and whether a person is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW if a prefiling forensic psychological evaluation concludes the person meets the criteria for a sexually violent predator. Cases involving interpretation of statutes are public in nature and provide guidance for public officials. <u>State v. Beaver</u>, 184 Wn.2d 321, 331, 358 P.3d 385 (2015); <u>Hunley</u>, 175 Wn.2d at 907-08. The position of the ISRB that it must deny parole under RCW 9.95.115 if a prefiling forensic psychological evaluation concludes an inmate meets the sexually violent predator criteria is likely to reoccur. The record shows there are approximately 11 other cases where the ISRB has found an offender conditionally parolable, but after a forensic psychological evaluation concluded the offender met the criteria as a sexually violent predator, denied parole.

<u>RCW 9.95.115</u>

We review the ISRB parole decision and the decision to set a new minimum term for an abuse of discretion. <u>In re Pers. Restraint of Dyer</u>, 175 Wn.2d 186, 196, 283 P.3d 1103 (2012; <u>In re Pers. Restraint of Ecklund</u>, 139 Wn.2d 166, 170, 985 P.2d 342 (1999). "[T]he courts are <u>not</u> a super Indeterminate Sentencing Review Board and will not interfere with a Board determination in this area unless the Board is first shown to have <u>abused its discretion</u> in setting a prisoner's minimum term." <u>In re Pers. Restraint of Whitesel</u>, 111 Wn.2d 621, 628, 763 P.2d 199 (1988).[8] We will not substitute our

---

[7] (Second alteration added) (internal quotation marks omitted).
[8] Emphasis in original.

discretion for that of the ISRB. Whitesel, 111 Wn.2d at 628. Although the ISRB has broad discretion, the ISRB must comply with state and federal law in deciding parolability. Dyer, 175 Wn.2d at 197; In re Pers. Restraint of Addleman, 151 Wn.2d 769, 774, 92 P.3d 221 (2004).

RCW 9.95.115 states:

The indeterminate sentence review board is hereby granted authority to parole any person sentenced to the custody of the department of corrections, under a mandatory life sentence for a crime committed before July 1, 1984, except those persons sentenced to life without the possibility of parole. No such person shall be granted parole unless the person has been continuously confined therein for a period of twenty consecutive years less earned good time: PROVIDED, That no such person shall be released under parole who is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW.[9]

Statutory construction is a question of law that we review de novo. In re Det. of Martin, 163 Wn.2d 501, 506, 182 P.3d 951 (2008). Our objective is to ascertain and carry out the intent of the legislature. Martin, 163 Wn.2d at 506. We strictly construe statutes curtailing civil liberties to their terms. In re Det. of Swanson, 115 Wn.2d 21, 31, 804 P.2d 1 (1990). We "must avoid unlikely, absurd, or strained results" when interpreting statutes. In re Det. of Coppin, 157 Wn. App. 537, 552, 238 P.3d 1192 (2010). We look first to the plain language of the statute. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the plain language is subject to only one interpretation, our inquiry ends. Armendariz, 160 Wn.2d at 110. Statutes must be interpreted and construed to give all language effect with no language rendered meaningless or superfluous. Martin, 163 Wn.2d at 510. " 'Statutes on the same subject matter must be read together to give each effect and to harmonize each with the

---

9 The ISRB and DOC concede the plain language of RCW 9.95.115 does not apply to Parejo because he is not serving a mandatory life sentence. However, the ISRB and DOC argue "the logic of RCW 9.95.115" is analogous to the determination of parolability.

other.'" In re Det. of Boynton, 152 Wn. App. 442, 452, 216 P.3d 1109 (2009) (quoting US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n, 134 Wn.2d 74, 118, 949 P.2d 1337 (1997)).

The ISRB relied on the mandatory language in RCW 9.95.115 that states, "[N]o such person shall be released under parole who is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW" to rescind the decision to release Parejo on conditional parole and thereafter deny parole based on a prefiling forensic psychological evaluation that found Parejo met the criteria of a sexually violent predator.

The plain and unambiguous language of RCW 9.95.115 only prohibits the ISRB from releasing a person "who is subject to civil commitment as a sexually violent predator under chapter 71.09 RCW."[10] The sexually violent predator (SVP) statute, chapter 71.09 RCW, governs whether a person is subject to civil commitment as an SVP. In re Det. of Strand, 167 Wn.2d 180, 187, 217 P.3d 1159 (2009).

The SVP statute defines a "sexually violent predator" as "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(18).

> Although the ultimate goal of the [SVP] statute is to treat, and someday cure those whose mental condition causes them to commit acts of sexual violence, its immediate purpose is to ensure the commitment of these persons in order to protect the community. In this sense, it is similar to any other civil commitment. However, the Legislature has found that the exceptional risks posed by sexual predators, and the seemingly intractable nature of their illness, necessitates a specially tailored civil commitment approach.

---

[10] Emphasis added.

In re Pers. Restraint of Young, 122 Wn.2d 1, 10, 857 P.2d 989 (1993). DOC has no

role in treating a sex predator under chapter 71.09 RCW. Young, 122 Wn.2d at 19.

> [T]he Legislature enacted a bill substantially similar to that proposed by the Governor's Task Force on Community Protection. In its report, the Task Force quite plainly recommended a civil law, because neither the criminal system nor the existing civil system could accommodate the special needs of sex predators. . . . In light of the Statute's language and legislative history, then, it is clear that the Legislature intended a civil statutory scheme.

Young, 122 Wn.2d at 19.

RCW 71.09.025(1)(a)(i) states that "[w]hen it appears that a person may meet

the criteria of a sexually violent predator as defined in *RCW 71.09.020(16),[11] the

agency with jurisdiction shall refer the person in writing" to the prosecuting attorney or

the attorney general prior to "[t]he anticipated release from total confinement of a person

who has been convicted of a sexually violent offense." The agency with jurisdiction

shall provide "all relevant information including but not limited to":

> (ii) A complete copy, if applicable, of any file compiled by the indeterminate sentence review board relating to the person;
> (iii) All records relating to the psychological or psychiatric evaluation and/or treatment of the person; [and]
> . . . .
> (v) A current mental health evaluation or mental health records review.

RCW 71.09.025(1)(b).

While the SVP statute authorizes a prefiling forensic psychological evaluation as

part of the investigating period, a prefiling forensic psychological evaluation does not

trigger the statutory SVP proceedings. Strand, 167 Wn.2d at 187, 190. The mandatory

requirements of RCW 71.09.025(1) trigger the SVP proceedings.

---

[11] "**Reviser's note**: *(1) RCW 71.09.020 was amended by 2009 c 409 § 1, changing subsection (16) to subsection (18)."

The agency with jurisdiction is the "agency with the authority to direct the release of a person serving a sentence or term of confinement." RCW 71.09.025(3). The ISRB is the agency with the authority to release pre-SRA[12] sex offenders under chapter 71.09 RCW and the authority to refer a person to the prosecuting attorney or attorney general for civil commitment as an SVP. RCW 9.95.140(1); RCW 71.09.025(1).[13] If an SVP petition is filed, a judge shall determine whether probable cause exists to believe the person is an SVP. RCW 71.09.040(1). If the judge finds probable cause, the person must be taken into custody. RCW 71.09.040(1). Within 72 hours, the court must give the person notice and an opportunity to appear in person at a hearing to contest probable cause. RCW 71.09.040(2). If the court determines probable cause exists, the individual must be transferred to the custody of the Department of Social and Health Services for placement in a total confinement facility pending trial. RCW 71.09.040(4). Within 45 days of the probable cause hearing, the court must schedule a trial to determine whether the person is an SVP. RCW 71.09.050(1). "The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator." RCW 71.09.060(1). If that determination is made, the SVP must be committed to the custody of the Department of Social and Health Services for placement in a secure facility for "control, care, and treatment." RCW 71.09.060(1).

---

[12] Sentencing Reform Act of 1981, chapter 9.94A RCW.

[13] The record does not support the argument that the ISRB referred Parejo to the prosecuting attorney under RCW 71.09.025(1). The record shows DOC "notif[ied]" the prosecuting attorney that it "posted" files to an internal website "in preparation for" the forensic psychological evaluation, not that the ISRB filed a referral for a civil commitment petition under RCW 71.09.025(1). The May 10, 2011 comments on the internal website state the ESRC posted "medical files[,] SOTP files, counselor files, . . . ISRB files, police reports, . . . and prosecutor files" to a secure website "in preparation for forensic psychological evaluation assignment under RCW 71.09. An email has been sent to King County Prosecutor's Office notifying them of this action." (Emphasis added.)

Contrary to the interpretation of the ISRB, we hold RCW 9.95.115 does not prohibit release unless the person is "subject to" civil commitment as an SVP under the procedures of chapter 71.09 RCW. Because the ISRB granted parole, Parejo is no longer under restraint, and we deny the personal restraint petition.

Schindler, J

WE CONCUR:

Mann, ACJ

Trickey, J.P.T.