IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition<br><br>of<br><br>MANUEL PAREJO,<br><br>              Petitioner. | No. 88221-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Manuel Parejo initiated this personal restraint petition challenging the decision by the Indeterminate Sentencing Review Board (ISRB) to deny his parole and resetting his minimum term of confinement. In reaching its decision, the ISRB considered adverse evidence not previously disclosed to Parejo. The ISRB's failure to disclose the adverse evidence denied Parejo the minimum due process rights afforded to inmates in these ISRB proceedings. We conclude that Parejo is unlawfully restrained by this violation of his due process rights and grant the petition.

FACTS

In 1978, a jury convicted Parejo of rape in the first degree and kidnapping in the first degree, both while armed with a firearm, and he pleaded guilty to being a habitual criminal. *In re Pers. Restraint of Parejo*, 5 Wn. App. 2d 558, 560-61, 428 P.3d 130 (2018). The court sentenced Parejo to a maximum term of

life and "a minimum term to be fixed by the [ISRB]." *Parejo*, 5 Wn. App. 2d at 561.

The ISRB released Parejo on parole in December 1991 and revoked his parole in July 1992. Parejo was paroled again in September 2020, and the ISRB revoked his parole on May 24, 2021. At that time, the ISRB set a new minimum time of incarceration of 36 months. In April 2023, the ISRB conducted a RCW 9.95.100 hearing on parolability, determined Parejo was not parolable, and added 24 months to his minimum term.

The ISRB held another parolability hearing on April 30, 2024. In considering whether Parejo was parolable, the ISRB considered several documents including a recent forensic psychological evaluation, criminal case records, a sexual offender treatment mid-treatment review report, findings and conclusions from prior ISRB proceedings, and a recommendation from the King County Prosecutor. The written decision quoted the letter from the King County Prosecutor:

> King County Prosecutor Leesa Manion's recommendation letter dated April 12, 2023 in part says, "After a careful review of the documents and reports presented to my office regarding Mr. Parejo's readiness for parole or release as well as considering the totality of the circumstances, I believe Mr. Parejo's rehabilitation does not meet the statutory requirements and is not complete. Therefore, The Board should find that Mr. Parejo's rehabilitation is incomplete, and he is not fit for release or parole."

The ISRB determined that Parejo was not parolable and added 60 months to his minimum term. The ISRB's written decision stated that Parejo's "long history of sexual preoccupation, antisociality, and his criminal sanctions have provided little

deterrent effect.  His poor problem solving continues to be evident. . . and his age provides little mitigation."  The ISRB also noted that Parejo is a "high-risk sex offender" with previous failures on community supervision, who placed himself in high-risk situations but minimized the nature of the violations.  Additionally, Parejo had been referred for evaluation as a sexually violent predator, and although he did not meet the criteria, the ISRB considered this "indicative of the risk" he presented.

After denial of his parole, Parejo's attorney contacted the ISRB to object to the decision and request reconsideration of the decision or a new hearing.  The attorney noted that he had not received a copy of the Manion letter[1] considered and quoted in the written decision and, therefore, Parejo could not challenge the Prosecutor's recommendation.  The attorney also objected to the ISRB's representation of Parejo's history and consideration of the evidence.

Parejo later initiated this timely personal restraint petition alleging that he is under unlawful restraint due to the ISRB's decision on parolability.

ANALYSIS

To succeed on a personal restraint challenge of an ISRB decision, a petitioner must show they are under unlawful restraint.  *In re Pers. Restraint of*

---

[1]  Parejo's attorney refers to "a letter sent by the King County Prosecutor's Office, dated April 12, 2023, in which Leesa Manion objected to Mr. Parejo being granted parole," that was "apparently quoted" in the written decision.  The letter from Manion was sent on April 12, 2024.  Although the record includes evidence that the King County Prosecutor's Office sent a letter on April 12, 2023, after the date of Parejo's 2023 parolability hearing, the context is clear that Parejo's attorney is referring to the 2024 letter.

*Dyer (Dyer* II*)*, 164 Wn.2d 274, 285, 189 P.3d 759 (2008).  A petitioner is under

restraint when:

> the petitioner has limited freedom because of a court decision in a civil or criminal proceeding, the petitioner is confined, the petitioner is subject to imminent confinement, or the petitioner is under some other disability resulting from a judgment or sentence in a criminal case.

RAP 16.4(b).  "Unlawful restraint occurs when the conditions or manner of the

restraint are 'in violation of the Constitution of the United States or the

Constitution or laws of the State of Washington.' "  *In re Pers. Restraint of*

*Williams*, 198 Wn.2d 342, 352, 496 P.3d 289 (2021) (quoting RAP 16.4(c)(6)).

The ISRB may not grant parole unless the inmate is rehabilitated and fit

for release.  RCW 9.95.100.  An inmate is "subject entirely to the discretion of the

[ISRB], which may parole [them] now or never."  *In re Pers. Restraint of Powell*,

117 Wn.2d 175, 196, 814 P.2d 635 (1991).  The ISRB has broad discretion, "but

is guided by relevant statutes and its own procedures."  *In re Pers. Restraint of*

*Lain*, 179 Wn.2d 1, 11, 315 P.3d 455 (2013).  "The ISRB abuses its discretion

when it fails to follow its own procedural rules for parolability hearings or acts

without consideration of and in disregard of the facts."  *In re Pers. Restraint of*

*Dyer,* (*Dyer* I), 157 Wn.2d 358, 365, 139 P.3d 320 (2006).

Parejo claims he is under unlawful restraint because the ISRB failed to

disclose a letter from the prosecutor that was considered as adverse evidence

against him during his hearing on parolability.[2]  We agree.

---

[2] Parejo also contends that the ISRB improperly relied on speculation and conjecture and willfully and unreasonably disregarded evidence favoring release

ISRB proceedings to set and redetermine an inmate's minimum term are not part of a criminal prosecution requiring the "full panoply of rights due a criminal defendant in a criminal case." *In re Pers. Restraint of Whitesel*, 111 Wn.2d 621, 630-31, 763 P.2d 199 (1988); *In re Pers. Restraint of Sinka*, 92 Wn.2d 555, 568, 599 P.2d 1275 (1979). However, the Washington Supreme Court has clearly stated that the due process requirements at those proceedings "must include advisement of adverse information in the inmate's file and the opportunity to rebut or to explain adverse file information." *Whitesel*, 111 Wn.2d at 630; *See Sinka*, 92 Wn.2d at 568. This requirement exists because " 'the data on which the [ISRB] acts is not developed through an open adversary confrontation, its accuracy cannot be assured unless the prisoner has access to the relevant information in [their] file." *Sinka*, 92 Wn.2d at 568 (quoting *Franklin v. Shields*, 569 F.2d 784, 794-95 (4th Cir. 1977)). Disclosure of adverse information

> may expose claimed inaccuracies and prevent the [ISRB] from considering erroneous information. Likewise, it allows an inmate the opportunity to rebut or to explain adverse file information. Finally, it informs the inmate that the setting of minimum terms is open and fair, and it promotes the Board's goal of increased quality and rationality in its decision making.

*Sinka*, 92 Wn.2d at 568.

The ISRB failed to disclose the letter from Manion before Parejo's parolability hearing. This denied Parejo his minimum due process rights and the opportunity to expose any inaccuracies or rebut the information in the letter.

---

to determine he was not parolable. Because we grant the petition based on the ISRB's failure to disclose adverse evidence we need not reach this claim.

The ISRB acknowledges that Parejo has a constitutional due process right to disclosure of adverse information before the ISRB resets his minimum term.[3] However, the ISRB contends that Parejo must demonstrate that he was prejudiced by the denial of his due process and "even assuming that the ISRB did not disclose the recommendation to Parejo before the 2024 hearing, this claim fails because Parejo does not even raise the *possibility* that the outcome of his parole hearing would have been different." The ISRB is incorrect.

In reviewing a petition challenging a parole decision, we examine only the requirements of RAP 16.4. *In re Pers. Restraint of Mines*, 146 Wn.2d 279, 288, 45 P.3d 535 (2002). Thus, a petitioner must show restraint under the provisions of RAP 16.4(b) and that the restraint is unlawful under the provisions of RAP 16.4(c). *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 149, 866 P.2d 8 (1994). The petitioner is not required to demonstrate prejudice in order to obtain relief. *Mines*, 146 Wn.2d at 290.

By failing to disclose the adverse letter, the ISRB deprived Parejo of the minimum due process rights in his parolability proceeding. Therefore, his restraint is unlawful under RAP 16.4(c)(2) ("The conviction was obtained or the sentence or other order entered in a criminal proceeding or civil proceeding instituted by the state or local government was imposed or entered in violation of

---

[3] The King County Prosecuting Attorney's office sent a letter to the ISRB for consideration during Parejo's 2023 parolability hearing. The letter arrived after the hearing. In response, the ISRB informed the Prosecutor's office, "[i]t is imperative to receive these types of documents prior to the hearing with enough time for the incarcerated individual to review as well as his attorney in order for it to be considered at the hearing."

the Constitution of the United States or the Constitution or laws of the State of Washington"), and (6) ("The conditions or manner of the restraint of petitioner are in violation of the Constitution of the United States or the Constitution or laws of the State of Washington").  We grant Parejo's personal restraint petition and remand to the ISRB to conduct a new hearing.  *See Cashaw*, 123 Wn.2d at 10.

 Granted.

WE CONCUR: